[Cite as *State v. Williamson*, 2016-Ohio-7053.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104294**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MICHAEL WILLIAMSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-01-406972-ZA

**BEFORE:** E.A. Gallagher, J., Jones, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 29, 2016

**FOR APPELLANT**

Michael Williamson, pro se
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

**{¶1}** Defendant-appellant Michael Williamson, pro se, appeals the trial court's denial of his petition to vacate or set aside his judgment of conviction or sentence. He contends (1) that the trial court erred in denying his petition for postconviction relief without issuing findings of fact and conclusions of law (2) that a "history of vindictiveness" by the trial court warrants a de novo review of his petition for postconviction relief or the "dismissal" of his convictions and sentence with prejudice and (3) that the trial court erred in denying his request for counsel in connection with his petition for postconviction relief. For the reasons that follow, we affirm the trial court's judgment.

**Factual and Procedural Background**

**{¶2}** In December 2001, a jury found Williamson guilty of 12 counts of rape. In February 2002, the trial court sentenced Williamson to twelve consecutive life prison terms, postrelease control "for the maximum period allowed," a $240,000 fine, and court costs. Williamson appealed his convictions, arguing that the trial court had made various erroneous and prejudicial evidentiary rulings and that his trial counsel had rendered ineffective assistance by failing to object to certain testimony and failing to offer the testimony of a defense witness. Williamson did not assign any error in his direct appeal regarding his sentence or the trial court's advisement regarding postrelease control.

**{¶3}** On October 17, 2002, while his appeal was pending, Williamson filed, pro se, a petition to vacate or set aside his judgment of conviction or sentence, raising the same issues he had raised in his direct appeal. The trial court denied the petition. Williamson did not appeal that ruling. On November 27, 2002, this court affirmed Williamson's convictions. *State v. Williamson*, 8th Dist. Cuyahoga No. 80982, 2002-Ohio-6503 ("*Williamson I*").

**{¶4}** On December 4, 2002, Williamson filed, pro se, a motion for a new trial. The trial court denied the motion. Williamson did not appeal that ruling.

**{¶5}** Nine years later, in December 2011, Williamson filed, pro se, a motion to vacate void judgment and order new sentencing hearing, asserting that the trial court had failed to notify him of the consequences of violating postrelease control both at his sentencing hearing and in its sentencing journal entry and that his sentence should, therefore, be vacated and the case remanded for a de novo sentencing hearing. In February 2012, the trial court issued a judgment entry denying the motion and further stating, "[c]ourt will resentence defendant on PRC issue only prior to release from prison if necessary." Williamson did not appeal that ruling.

**{¶6}** In November 2012, Williamson filed, pro se, a "motion to correct sentence" in which he again requested a de novo sentencing hearing, alleging (1) that the trial court had failed to advise him of the mandatory nature of postrelease control and the consequences of violating postrelease control, (2) that the trial court failed to advise him of his right to a direct appeal and (3) that the trial court had failed to consider the

"necessary factors" set forth in R.C. 2929.11 and 2929.12 and to make the "necessary findings" to impose more than the minimum sentence pursuant to R.C. 2929.11 and 2929.12. The trial court denied the motion. Williamson, pro se, appealed the trial court's ruling, raising seven assignments of error. He claimed that the trial court erred by: (1) failing to advise him of his right to a direct appeal, (2) failing to properly impose postrelease control, (3) failing to consider the sentencing principles set forth in R.C. 2929.11 and 2929.12, (4) failing to determine the days of jail-time credit, (5) entering an "incorrect" journal entry, (6) failing to properly advise him of his registration duties as a sexual predator and (7) not merging the 12 counts of rape at sentencing. *State v. Williamson*, 8th Dist. Cuyahoga No. 99473, 2013-Ohio-3733, ¶ 10 ("*Williamson II*").

{¶7} This court held that because Williamson did not submit the transcript from the sentencing hearing, it must be presumed that he was properly notified of postrelease control at the sentencing hearing. *Id.* at ¶ 16. It remanded the case to the trial court "for the limited purpose of correcting its 2002 judgment entry to reflect a full notification of Williamson's postrelease control" with a nunc pro tunc entry and held that all other assignments of error were barred by the doctrine of res judicata. *Id.* at ¶ 2, 22-23.

{¶8} On September 30, 2013, the trial court entered a corrected sentencing entry "to include complete PRC language," including that postrelease control was mandatory for five years and advising Williamson of the consequences of violating postrelease control. Williamson, once again, appealed the judgment (Appeal No. 100563). Williamson failed to file the record and the appeal was initially dismissed. However,

upon reconsideration, Williamson was granted leave to file an amended praecipe. On appeal, Williamson argued that the trial court had erred in providing the postrelease control notification by a nunc pro tunc journal entry without conducting a hearing. Apparently unaware that Williamson's appeal was pending, the trial court ordered Williamson to appear for a resentencing hearing and, on February 13, 2014, resentenced Williamson "in regards to [sic] PRC only," notifying Williamson that postrelease control was mandatory for five years and advising him of the consequences of violating postrelease control. Williamson appealed from the February 13, 2014 resentencing, arguing that the trial court lacked jurisdiction to conduct a resentencing hearing while his appeal was pending and erred in conducting a sentencing hearing limited to the postrelease control notification instead of a "new sentencing hearing."

{¶9} This court consolidated the two appeals for purposes of oral argument and disposition. Unlike *Williamson II*, in Appeal Nos. 100563 and 101115, the transcript from the original sentencing hearing was part of the record on appeal. *State v. Williamson*, 8th Dist. Cuyahoga Nos. 100563 and 101115, 2014-Ohio-3909, ¶ 13-15 ("*Williamson III*"). With the benefit of the transcript, this court concluded that "it is now clear that the trial court never advised Williamson at sentencing of any of the postrelease control provisions and, therefore, the mandate of this court to issue a nunc pro tunc order was without foundation and that trial court could not nunc what it did not first tunc." *Id.* at ¶ 15. This court held that the trial court had erred in imposing postrelease control without conducting a sentencing hearing and had lacked jurisdiction to conduct

the February 13, 2014 resentencing hearing while Williamson's appeal of the nunc pro tunc journal entry was pending. *Id.* at ¶ 12-15, 18. This court remanded the case for "vacation of the order dated February 13, 2014 and a new sentencing hearing limited to the advisement of postrelease control." *Id.* at ¶ 20, 23.

{¶10} On September 24, 2014, Williamson filed, pro se, a motion to recuse the trial judge. Williamson claimed that, based upon comments the trial judge had made during his original sentencing hearing and the trial court's previous errors in sentencing him, the trial judge was prejudiced against him and that he "could not get a fair hearing" if the trial judge were to preside over his resentencing. The trial court denied the motion.

{¶11} On November 6, 2014, the trial court held a resentencing hearing limited to the postrelease control notification. Once again, Williamson appealed. Williamson's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel. *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-4482, ¶ 1 ("*Williamson IV*"). This court granted Williamson leave to file his own appellate brief but he did not do so. *Id.* at ¶ 3. Following an independent review of the record, this court held that the trial court had complied with the remand as directed in *Williamson III* and that the appeal was wholly frivolous pursuant to *Anders*. *Id.* at ¶ 7-9. This court granted counsel's request to withdraw and affirmed the trial court's judgment. *Id.* at ¶ 9.

{¶12} On November 16, 2015, Williamson filed, pro se, another petition to vacate or set aside his judgment of conviction or sentence along with a motion for appointment of counsel to represent him on his petition for postconviction relief. In his petition, Williamson asserted 12 "claims," allegedly arising from his November 6, 2014 resentencing, that he contended warranted vacating or setting aside his convictions and sentence. In claims 1-5, Williamson asserted that his "resentencing counsel" provided ineffective assistance because he failed to raise a number of issues at the November 6, 2014 resentencing hearing, including: (1) that the 12 counts of rape on which Williamson had been sentenced were "duplicative"; (2) that the trial court had not complied with its mandate in *Williamson II* and was required to resentence him "in full"; (3) that the trial court's imposition of "an additional punishment" of five years of postrelease control after Williamson had already served part of his sentence violated due process and the prohibition against double jeopardy; (4) that the trial court's sentence was motivated by vindictiveness because Williamson had exercised his right to go to trial and (5) that Williamson's "repetitive resentencings" violated due process and the prohibition against cruel and unusual punishment. Williamson argued that these alleged denials of his constitutional rights rendered his judgment of conviction and sentence "void or voidable under the Ohio Constitution and/or the Constitution of the United States" and that if his counsel had raised these issues at the resentencing hearing, the outcome of the hearing would have been different.

{¶13} With his remaining "claims," Williamson asserted that, for these same reasons, the trial court "lack[ed] * * * subject matter jurisdiction * * * to proceed at all" at the resentencing hearing. He also argued that the trial court lacked subject matter jurisdiction to proceed with resentencing because: (1) Williamson was "mentally deranged" and unable to allocute intelligibly or effectively assist his counsel at the resentencing hearing after an alleged plea deal fell through and (2) he was denied a right of allocution at the resentencing hearing. The state opposed the petition, asserting that all of the claims Williamson had raised in his petition had either been previously raised or should have been previously raised and were barred by the doctrine of res judicata.

{¶14} On March 2, 2016, the trial court summarily denied Williamson's petition to vacate or set aside his judgment of conviction or sentence. Williamson appealed the trial court's denial of his petition, raising the following four assignments of error for review:

> ASSIGNMENT OF ERROR NO. I:
> The trial court failed to provide statutorily required findings of facts and conclusions of law and, accordingly, the appeal should be remanded to the trial court to so provide.

> ASSIGNMENT OF ERROR NO. II:
> The trial court deliberately refused to provide this defendant with findings of facts and conclusions of law, in line with its history of judicial vindictiveness against this defendant, justifying this court as an equitable matter, deciding this appeal de novo.

> ASSIGNMENT OF ERROR NO. III:
> The trial court's previous history of judicial vindictiveness is [sic] against this defendant, coupled with failure to provide finding of fact and conclusions of law instantly, justifies dismissal of the underlying criminal conviction, and/or its sentence, with prejudice.

> ASSIGNMENT OF ERROR NO. IV:

The trial court erred in denying petitioner's PCRP motion for appointment of counsel.

**Law and Analysis**

**Failure to Issue Findings of Fact and Conclusions of Law**

**{¶15}** In his first assignment of error, Williamson argues that the trial court erred by failing to issue findings of fact and conclusions of law when denying his petition to vacate or set aside his judgment of conviction or sentence.

**{¶16}** "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. A defendant does not have a constitutional right to petition for postconviction relief; the only rights afforded to a defendant in a postconviction proceeding are those specifically granted by the legislature. *State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504,¶ 10, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). R.C. 2953.21 and 2953.23 govern petitions for postconviction relief.

**{¶17}** Under R.C. 2953.21(A), a person convicted of a criminal offense who claims that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United

States" may file a petition in the court that imposed the sentence for the offense, "stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

**{¶18}** There are strict time limits for seeking postconviction relief under R.C. 2953.21. Under the current version of R.C. 2953.21(A)(2), effective March 23, 2015, a petition for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if no appeal is taken, no later than 365 days after the expiration of time for filing the appeal. Under the prior version of the statute, the time period for filing the petition was 180 days after the trial transcript was filed in the court of appeals or 180 days after the deadline for filing an appeal. "This court considers the date of the triggering event, i.e., the filing of the postconviction petition, to determine which version of the statute governs." *State v. Thomas*, 8th Dist. Cuyahoga No. 103784, 2016-Ohio-3327, ¶ 8-11, citing *State v. Worthington*, 12th Dist. Brown No. CA2014-12-022, 2015-Ohio-3173, ¶ 43, fn. 4 (appellant filed his motion for postconviction relief before the new version of R.C. 2953.21 took effect so his motion was governed by former version of statute.).

**{¶19}** If a defendant's petition is untimely or a defendant files a "second petition or successive petitions for similar relief," a court "may not entertain" the petition for postconviction relief unless the petitioner satisfies the requirements of R.C. 2953.23(A).

As applicable to this case,[1] under R.C. 2953.23(A)(1), the petitioner must demonstrate either (1) that he or she was unavoidably prevented from discovering the facts upon which he or she relies to present the claim for relief in the petition or (2) that after the time period specified in R.C. 2953.21(A)(2) or the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner's situation and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). If the petitioner is able to satisfy one of these requirements, then he or she must then also establish by clear and convincing evidence that, "but for constitutional error at trial," no reasonable factfinder would have found the petitioner guilty of the offense. R.C. 2953.23(A)(1)(b).

{¶20} R.C. 2953.21(C) and (G) provide that if the trial court dismisses a petition for postconviction relief or "does not find grounds for granting relief," "it shall make and file findings of fact and conclusions of law" with respect to its dismissal or denial of relief. However, the Ohio Supreme Court has held that a trial court "has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief." *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, 889 N.E.2d 533, ¶ 6; *see also State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 6-7 ("R.C. 2953.21 governs initial petitions for postconviction relief that are filed timely. * * * Unlike R.C. 2953.21, R.C.

---

[1]Alternative requirements under R.C. 2953.23(A)(1)(b) relating to challenges to a death sentence and R.C. 2953.23(A)(2), involving the results of DNA testing establishing "actual innocence," are not applicable here.

2953.23 does not require trial courts to issue findings of fact and conclusions of law. * * * [W]e have consistently held that trial courts have no duty to issue findings of fact and conclusions of law on second and successive petitions for postconviction relief filed pursuant to R.C. 2953.23.").

{¶21} Williamson claims that his petition was timely and not a successive petition because it was filed within 365 days of the date the transcript was filed in his direct appeal of the November 6, 2014 resentencing and was the first petition for postconviction relief he filed after the resentencing. Williamson filed his petition on November 16, 2015. The transcript in Williamson's appeal of the November 6, 2014 resentencing judgment entry was filed with this court on February 2, 2015. The transcript in Williamson's direct appeal from his convictions was filed on April 17, 2002, more than thirteen-and-a-half years earlier.

{¶22} In an attempt to obtain review of alleged errors that he either previously raised (and which were rejected) or that he could have previously raised, Williamson couches his "claims" in his petition as arising out the "ineffective assistance of resentencing counsel" or other alleged "resentencing" errors. Such "bootstrapping" is not permitted. *See, e.g., State v. Williamson,* 8th Dist. Cuyahoga No. 102320, 2015-Ohio-5135, ¶ 9.

{¶23} Williamson is not attacking the postrelease control notification, i.e., the portion of his sentence as to which he was resentenced at the November 6, 2004 resentencing, or seeking relief from the resentencing. He seeks to have his convictions

and sentence vacated or set aside in total. As this court has previously stated, a sentence that is void because it does not properly include postrelease control "d[oes] not 'restart the clock' to extend [the] time to file a post-conviction relief petition." *State v. Casalicchio*, 8th Dist. Cuyahoga No. 89555, 2008-Ohio-2362, ¶ 22; *see also State v. Seals*, 8th Dist. Cuyahoga No. 93198, 2010-Ohio-1980, ¶ 7 ("Ohio case law indicates that the time limit for a postconviction relief petition runs from the original appeal of the conviction, and that a resentencing hearing does not restart the clock for postconviction relief purposes as to any claims attacking the underlying conviction.").

{¶24} Furthermore, because Williamson sought "similar relief" in prior filings for postconviction relief, his petition is properly considered a "successive petition" for purposes of R.C. 2953.21 and 2953.23. *See, e.g., State v. Crockett,* 8th Dist. Cuyahoga No. 104120, 2016-Ohio-4966, ¶ 8. Williamson did not argue in his petition that he met the requirements for filing an untimely or successive petition under R.C. 2953.23(A)(1). Accordingly, the trial court was not required to issue findings of fact or conclusions of law in denying Williamson's petition to vacate or set aside his judgment of conviction or sentence. Williamson's first assignment of error lacks merit and is overruled.

**Alleged "History of Vindictiveness" by the Trial Judge**

{¶25} In his second and third assignments of error, Williamson argues that the trial court's failure to issue findings of fact and conclusions of law combined with a "history of judicial vindictiveness" by the trial court warrants a de novo review by this court of his petition for postconviction relief or the "dismissal" of his convictions and

sentence pursuant to the court's "equitable powers." Williamson contends that the trial court's failure to issue findings of fact and conclusions of law was "deliberate" and was "aimed" at prejudicing Williamson to deny him "any meaningful judicial review" by this court. Williamson claims that the "history" of the trial court's "judicial vindictiveness" against him is evidenced by the trial court's handling of a proposed defense witness, the trial court's imposition of consecutive life sentences and various statements the trial judge made during the original sentencing hearing. He asserts that each resentencing "add[ed] an opportunity [for] the trial court to become more vindictive."

{¶26} As stated above, the trial court was not required to issue findings of fact and conclusions of law in denying Williamson's petition for postconviction relief. Accordingly, the trial court's failure to issue findings of fact and conclusions of law does not demonstrate "vindictiveness" calculated to prejudice Williamson on appeal.

{¶27} Although there is nothing in the record to suggest that the trial court was "vindictive" in denying Williamson's petition for postconviction relief without issuing findings of fact or conclusions of law, any claim of alleged bias or prejudice by the trial judge is not properly brought before this court. We have no authority to determine a claim that a trial judge is biased or prejudiced against a defendant and no authority to void a trial court's judgment based on a claim that the trial judge is biased or prejudiced. As the Seventh District explained in *State v. Clark*, 7th Dist. Mahoning No. 07-MA-87, 2008-Ohio-1179:

> "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is

biased or prejudiced." *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995), citing Section 5(C), Article IV, Ohio Constitution; *Adkins v. Adkins*, 43 Ohio App.3d 95, 539 N.E.2d 686 (4th Dist.1988). R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. *Id.* * * *

An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (1993).

*Id.* at ¶ 73-75; *see also Fisher v. Fisher*, 8th Dist. Cuyahoga No. 95821, 2011-Ohio-5251, ¶ 43 ("[C]hallenges of judicial prejudice and bias are not properly brought before an appellate court. * * * Courts of appeals lack authority to void the judgment of a trial court on such basis."); *State v. Bacon*, 8th Dist. Cuyahoga No. 85475, 2005-Ohio-6238, ¶ 66 ("Appellant's exclusive remedy if he believed that the trial judge was biased or prejudiced against him at any stage of his case was to file an affidavit of disqualification pursuant to R.C. 2701.03. * * * [T]his court lacks jurisdiction to void the judgment of the trial court because of a judge's bias or prejudice."). Accordingly, Williamson's second and third assignments of error are overruled.

**Failure to Appoint Counsel for Postconviction Petition**

{¶28} In his fourth and final assignment of error, Williamson argues that the trial court erred in denying his motion for appointment of counsel to represent him on his petition for postconviction relief. This argument is meritless as well. An indigent petitioner has neither a state nor a federal constitutional right to be represented by appointed counsel in a postconviction proceeding. *State v. Crowder*, 60 Ohio St.3d 151, 152, 573 N.E.2d 652 (1991), citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990,

95 L.Ed.2d 539 (1987); *State v. Taylor*, 8th Dist. Cuyahoga No. 102020, 2015-Ohio-1314, ¶ 9; *see also State v. Mapson*, 41 Ohio App.3d 390, 391, 535 N.E.2d 729 (8th Dist.1987) (right to appointed counsel does not apply to postconviction relief proceedings because such proceedings are civil in nature). Accordingly, Williamson's fourth assignment of error is overruled.

{¶29} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., A.J., and
MELODY J. STEWART, J., CONCUR