[Cite as *State v. Eaddie*, 2018-Ohio-961.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106019

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS EADDIE

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-605555-A and CR-16-607340-A

**BEFORE:** Blackmon, P.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:** March 15, 2018

**ATTORNEY FOR APPELLANT**

Michael Goldberg
The Goldberg Law Firm
323 Lakeside Avenue, West, Suite 450
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Katherine Mullin
Assistant County Prosecutor
The Justice Center,    9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

**{¶1}** Defendant-appellant Thomas Eaddie ("Eaddie") appeals from the consecutive sentences imposed following his convictions in Case Nos. CR-16-605555-A and CR-16-607340-A. Eaddie assigns the following error for our review:

The sentence imposed by the trial court was unreasonable and contrary to law.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's sentence. The apposite facts follow.

**{¶3}** On May 9, 2016, Eaddie was indicted in CR-16-605555-A. He was charged with having a weapon while under disability, improperly handling firearms in a motor vehicle, carrying a concealed weapon, two counts of drug trafficking, two counts of drug possession, and possessing criminal tools. The counts also contained various forfeiture specifications and the drug charges contained one-year firearm specifications.

**{¶4}** On June 29, 2016, Eaddie was indicted in CR-16-607340-A. He was charged with aggravated burglary, misdemeanor assault, domestic violence, criminal damaging, burglary, three counts of menacing by stalking, and possessing criminal tools.

**{¶5}** Eaddie pled not guilty in both cases, and the trial court ordered Eaddie to undergo inpatient competency and sanity evaluations. The court also appointed an expert for an independent psychological evaluation.

**{¶6}** Eaddie subsequently reached plea agreements with the state in both matters. In CR-16-605555-A, Eaddie pled guilty to having a weapon while under disability, and to

one amended count of drug trafficking following the deletion of the firearm specification. The remaining counts were nolled. In CR-16-607340-A, Eaddie pled guilty to domestic violence, burglary, and menacing by stalking, and the remaining counts were nolled.

**{¶7}** On June 21, 2017, Eaddie was sentenced to thirty months in CR-16-605555-A, to run consecutive with a seven-year term sentence in CR-16-607340-A.

## Consecutive Sentences

**{¶8}** In his sole assigned error, Eaddie argues that the trial court erred in imposing consecutive sentences because the record does not support the court's findings under R.C. 2929.14(C), and because the court expressed hostility and bias against Eaddie during sentencing.

**{¶9}** In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either (1) the record does not support certain specified findings, or (2) the sentence imposed is contrary to law. An appellate court does not review a trial court's sentence for an abuse of discretion. *Marcum* at ¶ 10. Rather, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the

appellate court finds by clear and convincing evidence that the record does not support the sentence. *Id*. at ¶ 23. In accordance with R.C. 2953.08(A)(1), Eaddie may appeal as of right the imposition of consecutive sentences.

{¶10} Before a trial court may impose consecutive sentences, the court must first make specific findings mandated by R.C. 2929.14(C)(4) and incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Under R.C. 2929.14(C)(4), the court must find that consecutive sentences are: (1) necessary to protect the public from future crime or to punish the offender; and (2) are not disproportionate to the seriousness of the offender's conduct and to the danger the offender posses to the public. R.C. 2929.14(C)(4). In addition to making those findings, the court must also find one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

**{¶11}** Although the requisite findings must be made, the trial court "has no obligation to state reasons to support its findings," so long as "the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶12}** At the sentencing hearing in this matter, the trial court stated as follows:

> You have a terrible record, okay? Which began as far back as 2003 with aggravated rioting as a juvenile, failure to comply with a signal or order of a police officer as an adult. Obviously open container, driving under the influence, drug trafficking * * * Anyway, you have had drug trafficking cases previously, aggravated menacing [in 2011 and 2016]. It's obvious from your record and the answers to my questions that it is necessary to run them consecutive to protect the public from future crime from you, and I don't believe it's disproportionate to the seriousness of your conduct and the danger to the public. You are a drug dealer. You continue to sell drugs. You continue to carry weapons. You continue to act in a manner close to menacing, your third time, and at least your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

**{¶13}** These statements demonstrate that the trial court considered Eaddie's extensive criminal history and the nature of his conduct in the instant matters. The court found that the consecutive sentences are necessary to protect the public from future crime in light of Eaddie's criminal history, and that the court determined that consecutive sentences were necessary to punish him due to his continued involvement in criminal activity. Additionally, based upon Eaddie's record and conduct, the court clearly found that consecutive sentences are not disproportionate to the seriousness of Eaddie's conduct and to the danger he presents to the public. Additionally, the court found and the record shows, that Eaddie's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. Further, the sentencing journal entries set forth all of the findings required under R.C. 2929.14(C)(4).

Therefore, we conclude that the trial court made all of the required R.C. 2929.14(C)(4) findings before imposing consecutive sentences in this matter.

{¶14} Having determined that the trial court made the required findings under R.C. 2929.14(C)(4), we next consider whether the record supported those findings. *State v. Moore*, 2014-Ohio-5135, 24 N.E.3d 1197 (8th Dist.). Here, Eaddie's record contains other drug offenses, aggravated vehicular assault, failure to comply, and menacing. His record, and the circumstances of the instant offenses, support the trial court's conclusion that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and are not disproportionate to the seriousness of his conduct and to the danger he presents to the public. Additionally, the record demonstrates that Eaddie's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.

## Judicial Bias

{¶15} Eaddie next argues that during sentencing, the trial court exhibited bias and hostility against him because it "badgered," "mocked," and demeaned him while "feigning concern" about his medical condition prior to his plea and during sentencing.

{¶16} R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas court judge is biased and prejudiced. *State v. Bacon*, 8th Dist. Cuyahoga No. 85475, 2005-Ohio-6238, ¶ 66; *State v. Casada*, 8th Dist. Cuyahoga No. 103362, 2016-Ohio-2633, ¶ 25, citing *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph three of the syllabus; *Jones v. Billingham*, 105 Ohio

App.3d 8, 663 N.E.2d 657 (2d Dist.1995). A court of appeals has "no authority to determine a claim that a trial judge is biased or prejudiced against a defendant and no authority to void a trial court's judgment based on a claim that the trial judge is biased or prejudiced." *State v. Frazier*, 8th Dist. Cuyahoga No. 104264, 2017-Ohio-8307, ¶ 16, citing *State v. Williamson*, 8th Dist. Cuyahoga No. 104294, 2016-Ohio-7053, ¶ 27. A litigant who believes that the trial judge should be disqualified must file an affidavit of bias or prejudice with the clerk of the supreme court pursuant to R.C. 2701.03. *Id.*

{¶17} However, in *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, the court recognized that "trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *Id*. at ¶ 48, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002 -Ohio -2128, 767 N.E.2d 166, ¶ 34. However, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Dean* at ¶ 49, quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

{¶18} This court applied the foregoing principles to sentencing challenges in *Frazier,* and in *State v. Filous*, 8th Dist. Cuyahoga No. 104287, 2016-Ohio-8312, to determine whether purported judicial bias rendered the sentence unlawful. The *Filous* court explained:

[t]he law presumes that a judge is unbiased and unprejudiced in the matters over which he or she presides, and the appearance of bias or prejudice must be compelling in order to overcome the presumption. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 23, citing *In re Disqualification of Olivito*, 74 Ohio St.3d 1261, 1262, 657 N.E.2d 1361 (1994).

*Filous* at ¶ 14.

{¶19} In this matter, the record demonstrates that when the competency and sanity reports were stipulated into evidence, the trial court made the following remark:

> And the [competency and sanity report] findings are that he does not have a present mental condition that is within reasonable medical certainty, and that he is presently malingering his psychiatric symptoms and cognitive deficits.

{¶20} We have reviewed the record and conclude that the trial court was restating the conclusions reached in the sanity and competency report. The statement contained a term of art used in the report that was a fair comment upon facts introduced or events occurring in the course of the current proceedings. The statement does not constitute a basis for a bias or partiality.

{¶21} Additionally, the court stated during pretrial proceedings:

> So I'm asking you, do you want me to order that they stabilize your head so it doesn't move? They can do that. People who are in accidents that have those problems, they screw a frame like onto your head — it's call a halo — into your shoulders and into your head. And then your head will

never move, you just — your body can move, but your head is immobilized.

Is that what you need? And you thinking about that bullet in your head can make your day bad.    So try to think about other things.    Try to think about good things.    * * *

I guess I would look at it this way.    You were lucky that you got shot in the head and you didn't die, you know?    So every day that that bullet doesn't shift is a day that you might not have had; do you know what I mean?    * * *

Well, I said I'm going to get your medical records, I'll give them to my experts, and they'll tell me if you're getting the right treatment or not, okay?

**{¶22}** We have reviewed the comments and find absolutely no evidence to overcome the presumption that the trial court was not biased or prejudiced against Eaddie. The comments were part of repeated inquiries to determine whether Eaddie needed additional medical treatment to stabilize his head and prevent movement of the bullet. The comments were neither demeaning nor mocking.    To the contrary, the record indicates that the court shared one of its own experiences with Eaddie and offered strategies to him.    The court expressed empathy for Eaddie and stated that it would make further inquiries about his condition and medical needs.    In no way do the comments display a deep-seated favoritism or antagonism and they do not undermine the lawful sentence that the court imposed.

**{¶23}**    The assigned error is without merit.

**{¶24}**    Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR