[Cite as *State v. Vega*, 2023-Ohio-3885.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                  :

    Plaintiff-Appellee,             :

                                No. 112613

    v.                                          :

RICARDO VEGA, III,                          :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** October 26, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649286-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jasmine Jackson, Assistant Prosecuting Attorney, *for appellee*.

Friedman, Gilbert & Gerhardstein and Marcus Sidoti, *for appellant*.

PER CURIAM:

{¶ 1} Defendant-appellant, Ricardo Vega, III ("Vega"), appeals his 17-month prison sentence and claims the following error:

Appellant's sentence is contrary to law because the record does not support the imposition of the near maximum sentence for a fourth-degree felony.

{¶ 2} We vacate Vega's sentence and remand the case to the trial court for a new sentencing hearing consistent with his opinion.

## I. Facts and Procedural History

{¶ 3} Vega pleaded guilty to one count of improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(B), a fourth-degree felony. The trial court sentenced him to 17 months in prison, a $250 fine, and ordered forfeiture of the gun to Cleveland police. Defense counsel objected to the sentence and argued that Vega had no prior criminal record except for a minor misdemeanor from 2016, was gainfully employed, and had a carrying-a-concealed-weapon permit. The court, unpersuaded by defense counsel's remarks, noted the offense was serious enough to warrant a prison sentence because, at the time of his arrest, Vega had a Glock 27 in one pocket and a magazine with eight live rounds in the other pocket. (Tr. 6.) The court also noted that Vega was in possession of drug paraphernalia at the time of the offense, and he had previously been charged as a juvenile with committing an act that would constitute burglary if committed by an adult. Vega now appeals his sentence.

## II. Law and Analysis

{¶ 4} In the sole assignment of error, Vega argues his sentence is contrary to law because the record does not support the imposition of the near maximum sentence.

{¶ 5} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings, or the sentence is otherwise "contrary to law."

{¶ 6} "A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Angel*, 8th Dist. Cuyahoga No. 110456, 2022-Ohio-72, ¶ 8, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶ 7} Although the trial court must consider the sentencing factors in R.C. 2929.11 and 2929.12, R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22. However, an appellate court may reverse a trial court's judgment if the court considered evidence outside the factors contained in R.C. 2929.11 and 2929.12 when imposing a sentence. *Id.*, citing *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 31, 39; *see also State v. Munoz*, 8th Dist. Cuyahoga No. 112006, 2023-Ohio-1895, ¶ 19.

{¶ 8} Vega contends the trial court was biased against him because he was charged but acquitted of other serious offenses in another case. He implies the trial

court had already decided to impose a prison term before considering the statutory factors set forth in R.C. 2929.11 and 2929.12 as a result of his acquittal in the separate case. Indeed, Vega filed an affidavit of disqualification with the Ohio Supreme Court detailing the facts he believed support his bias claim.

{¶ 9} An appellate court generally has "'no authority to determine a claim that a trial judge is biased or prejudiced against a defendant and no authority to void a trial court's judgment based on a claim that the trial judge is biased or prejudiced.'" *State v. Frazier*, 2017-Ohio-8307, 98 N.E.3d 1291, ¶ 16 (8th Dist.), quoting *State v. Williamson*, 8th Dist. Cuyahoga No. 104294, 2016-Ohio-7053, ¶ 27. However, because proceedings before a biased judge are fundamentally unfair, they deny a defendant due process of law. *State v. Robinson*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-1311, ¶ 88, citing *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 48; *Munoz* at ¶ 24. "As a result, a trial court's judgment may be reversed due to judicial bias if the bias or prejudice violated the defendant's right to due process and deprived the defendant of a fair proceeding." *Robinson* at ¶ 88, citing *Dean* at ¶ 48.

{¶ 10} In determining whether alleged judicial bias resulted in the imposition of an unlawful sentence, an appellate court presumes the trial court was unbiased when it imposed the sentence, and the bias or prejudice must be compelling in order to overcome the presumption. *Id.*, citing *State v. Eaddie*, 8th Dist. Cuyahoga No. 106019, 2018-Ohio-961, ¶ 18, quoting *State v. Filous*, 8th Dist. Cuyahoga No.

104287, 2016-Ohio-8312, ¶ 14. To overcome the presumption, an offender must link the court's inappropriate comments to the court's decisions. *Munoz* at ¶ 24.

{¶ 11} At the sentencing hearing, defense counsel recounted on the record how the trial court had stated that "Lady Justice was raped today" when Vega was acquitted. (Tr. 8.) Although the trial court indicated that it "accepts all verdicts," it did not deny having made the egregious comment. Vega also asserted that the court sentenced him to the near-maximum sentence even though he had virtually no criminal record and despite the presumption of community control set forth in R.C. 2929.13(B)(1) for his fourth-degree felony. Therefore, Vega sufficiently linked the alleged bias to the court's decision to impose the near-maximum prison term on an offense that is normally punished through community control. We make no comment regarding the propriety of Vega's sentence; only that the trial court was biased against Vega and that the sentencing proceeding was fundamentally unfair. Fortunately, the trial court granted Vega bond pending this appeal and, in an abundance of caution, we sustain the sole assignment of error.

{¶ 12} Judgment vacated and case remanded to the trial court, with instructions that the administrative judge assign the case to a different judge.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE


_____
EILEEN T. GALLAGHER, JUDGE


_____
MARY J. BOYLE, JUDGE