[Cite as *State v. Anthony*, 2017-Ohio-2756.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104497**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CHARLES F. ANTHONY

DEFENDANT-APPELLANT

**JUDGMENT:**
SENTENCE VACATED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576392-A

**BEFORE:** Kilbane, J., Keough, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 11, 2017

**APPELLANT**

Charles F. Anthony, pro se
Inmate No. #A651-164
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Andrew J. Santoli
Amy Venesile
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶2} Defendant-appellant, Charles Anthony ("Anthony"), pro se, appeals from his April 25, 2016 resentencing pursuant to our mandate in *State v. Anthony*, 2015-Ohio-2267, 37 N.E.3d 751 (8th Dist.), *discretionary appeal not allowed*, 143 Ohio St.3d 1500, 2015-Ohio-4468, 39 N.E.3d 1271. For the reasons set forth below, we vacate his sentence and remand for another resentencing hearing where the state shall elect which allied offense it chooses to proceed with for purposes of sentencing.

{¶3} The procedural history and facts of this case were previously set forth by this court in *Anthony* as follows:

> [In July 2013,] Anthony and the victim [were hanging out in Anthony's apartment]. [The two friends] had been drinking and doing drugs on the night of the incident. At some point, they started arguing. And then Anthony stabbed the victim four times "on the victim's backside" [resulting in the victim's death].
>
> * * *
>
> In August 2013, Anthony was indicted on four counts: one count of aggravated murder and murder and two counts of felonious assault. All counts carried notice of prior conviction and repeat violent offender specifications. Anthony pleaded not guilty to all charges at his arraignment.
>
> In November 2013, Anthony withdrew his former plea of not guilty and entered a plea of guilty to an amended indictment of involuntary manslaughter with both specifications and one count of felonious assault with the specifications. The remaining counts were nolled.

The trial court sentenced Anthony to a total of 13 years in prison, 11 years for involuntary manslaughter and two years for felonious assault, to be served consecutive to one another. The trial court further notified Anthony that he would be subject to five years of mandatory postrelease control upon his release from prison.

*Id.* at ¶ 48, 3-5.

{¶4} Anthony appealed, arguing the trial court failed to follow Crim.R. 11 when taking his guilty plea, the trial court erred when it failed to merge his convictions for sentencing purposes, and trial counsel was ineffective. We found merit to his merger argument, vacated his sentence, and remanded for resentencing where the state was to elect which offense to proceed with for purposes of sentencing. *Id.* at ¶ 2.

{¶5} Following our remand, the trial court held a resentencing hearing on the matter. At the hearing, the trial court stated:

[W]e are here for the purpose of re-sentencing pursuant to the mandate of the Eighth District.

* * *

With regard to the original sentence it was for 11 years and I ran 2 years consecutive. And the problem was with the consecutive nature of it, so the Court is going to impose the — re-impose the sentence to Count 2 of 11 years with Count 3 being concurrent with Count 2; and of course there will be 5 years of Post-Release Control. Any violation of the terms and conditions of PRC will get you additional prison time under this case.

{¶6} Anthony now appeals from this resentencing, raising the following five assignments of error for review, which shall be discussed together where appropriate.

Assignment of Error One

The sentencing court erred to the prejudice of [Anthony] and abused its discretion when it failed at sentencing to consider R.C. 2901.05 and

2901.09 in mitigation as to the affirmative defense of self-defense under the Castle Doctrine and the Foster Crown Law where [Anthony] was justified in the use of force.

## Assignment of Error Two

The sentencing court erred to the prejudice of [Anthony] and imposed a sentence contrary to law in violation of R.C. 2953.08, where a minimum sentence was imposed on the predicated offense of felonious assault, yet imposing the maximum sentence on the involuntary manslaughter count.

## Assignment of Error Three

[Anthony] was deprived of due process and equal protection of the law as guaranteed under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution due to judicial and prosecutorial misconduct.

## Assignment of Error Four

[Anthony] was deprived of due process and equal protection of the law as guaranteed under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution by way of sham legal process in violation of [R.C. 2921.52].

## Assignment of Error Five

[Anthony] was deprived of due process and equal protection of the law as guaranteed under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution where the sentencing court failed to comply with R.C. 2941.25, where the state never determined which offense of similar import they [would] pursue.

{¶7} In the second and fifth assignments of error, Anthony challenges his sentence. He contends that his sentence is contrary to law because the trial court did not follow this court's remand instructions, requiring the state to elect which offense to proceed with for purposes of sentencing. The state concedes that the trial court did not follow our mandate in *Anthony*, but argues that the merger of involuntary manslaughter

and felonious assault "nullifies the General Assembly's intent in enacting the involuntary manslaughter statute in the first place — to punish the resulting death separately from the assault." We find Anthony's argument more persuasive.

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Clear and convincing evidence is that measure "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶9} In *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, the Ohio Supreme Court held that "[t]he imposition of concurrent sentences is not the equivalent of merging allied offenses." *Id.* at ¶ 17. The *Damron* court noted that "[w]hen a defendant has been found guilty of offenses that are allied offenses, R.C. 2941.25 prohibits the imposition of multiple sentences." *Id.*, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182. As a result, the "trial court must merge the offenses into a single conviction and then impose an appropriate sentence for the offense chosen for sentencing." *Id.*, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149.

{¶10} In the instant case, the trial court thought that the remand was because of "the consecutive nature of [the sentence]." Consequently, the court reimposed its sentence, with the counts being served concurrently as opposed to consecutively. However, "[t]he imposition of concurrent sentences is not the equivalent of merging allied offenses." *Damron*; *State v. Vargas*, 10th Dist. Franklin No. 10AP-952, 2012-Ohio-6368, ¶ 95-97; *State v. Fair*, 2d Dist. Montgomery No. 24120, 2011-Ohio-3330, ¶ 78-81. As the Ohio Supreme Court has explained, "for purposes of R.C. 2941.25, a 'conviction' is the combination of a guilt determination and a sentence or penalty." *Whitfield* at ¶ 12. As the record currently stands in the case before us, Anthony is still convicted of both involuntary manslaughter and felonious assault. Such error must be corrected as we set forth in *Anthony* at ¶ 2, 59, 68._

{¶11} Therefore, Anthony's second and fifth assignments of error are sustained.

{¶12} In the first, third, and fourth assignments of error, Anthony argues that he acted in self-defense. However, Anthony previously filed a direct appeal, challenging his guilty plea and convictions. In *Anthony*, we addressed his arguments and found them unpersuasive. We remanded the matter solely for resentencing. As a result, Anthony's arguments are barred by res judicata. Under the doctrine of res judicata, a defendant is barred "from raising and litigating in any proceeding except an appeal from [a final] judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial * * * or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

**{¶13}** Accordingly, the first, third, and fourth assignments of error are overruled.

**{¶14}** Anthony's sentence is vacated and the matter is remanded for resentencing where the state shall elect which allied offense to proceed on before the trial court imposes the sentence.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR