**[Cite as *State v. Anthony*, 2018-Ohio-2050.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106240**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CHARLES F. ANTHONY**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576392-A

**BEFORE:** Blackmon, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 24, 2018

**FOR APPELLANT**

Charles F. Anthony, pro se
Inmate No. A651164
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Andrew J. Santoli
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, P.J.:

{¶1} Defendant-appellant Charles F. Anthony ("Anthony") appeals from his resentencing, following a remand from this court. He assigns the following errors for our review:

> I. [Anthony's] constitutional and due process rights were violated when the trial court accepted [Anthony's] guilty plea to the charge of manslaughter despite the elements of the charge not being supported by the facts of the case herein.
>
> II. [Anthony] asserts that his sentence is contrary to law because [Anthony's] sentence under RVO specification [was imposed] without making the requisite findings. The record herein does not establish the criteria set forth in R.C. 2929.14(B)(2)(a) or (b).
>
> III. The trial court erred by using factual information as factors pursuant to R.C. 2929.12, seriousness and recidivism factors to determine [Anthony's] length of sentence which resulted in a disproportionate sentence in violation of R.C. 2929.11(B) therefore making [Anthony's] sentence contrary to law.

IV.   The trial court's imposition of an eleven-year sentence was unreasonable, disproportionate and inconsistent with sentences imposed upon all [Anthony's prior sentences] for the identical offenses over the last five years, in violation of R.C. 2929.11(B), as well as the due process, equal protection and Eighth Amendment to the United States Constitution.

V.   The trial court erred when it failed to follow the remand instructions of the Eighth District Court of Appeals of Ohio, Cuyahoga County in the case of *State v. Anthony*, 8th Dist. Cuyahoga No. 104497, [2017-Ohio-2756].

{¶2} Having reviewed the record and pertinent law, we affirm.   The apposite facts follow.

{¶3}   On August 14, 2013, Anthony was indicted for aggravated murder, murder, and two counts of felonious assault.   All counts carried notice of prior conviction and repeat violent offender ("RVO") specifications.   In November 2013, Anthony pled guilty to involuntary manslaughter and one count of felonious assault with both specifications, and the remaining counts were nolled.   *See State v. Anthony*, 2015-Ohio-2267, 37 N.E.3d 751 (8th Dist.), *discretionary appeal not allowed*, 143 Ohio St.3d 1500, 2015-Ohio-4468, 39 N.E.3d 1271 ("*Anthony* I").   The trial court sentenced Anthony to 11 years for involuntary manslaughter, consecutive to two years for felonious assault.   Anthony appealed, arguing that the guilty plea was not properly entered, the convictions should have merged for sentencing, and that he had ineffective assistance of counsel.   This court held that the trial court erred when it failed to merge his convictions, and rejected the other claims.   We vacated the sentence, and remanded for resentencing in order for the state to elect a single offense for sentencing.   *Id.*

{¶4} During the resentencing, "'the trial court thought that the remand was because of the consecutive nature of [the sentence].'   Consequently, the court erroneously reimposed its sentence, with the counts being served concurrently as opposed to consecutively." *State v. Anthony*, 8th Dist. Cuyahoga No. 104497, 2017-Ohio-2756, ¶ 10 ("*Anthony* II").   Therefore,

the *Anthony* II court vacated the sentence and again remanded the matter for resentencing in order for the state to elect which allied offense to proceed on before the trial court imposes the sentence. *Id*. at ¶ 14.

{¶5} Following the remand in *Anthony* II, the state elected to sentence Anthony on involuntary manslaughter, and the trial court sentenced Anthony to eleven years of imprisonment. For the sake of convenience, we shall address Anthony's assigned errors out of their predesignated order.

## Involuntary Manslaughter

{¶6} In his first assigned error, Anthony argues that the trial court erred in sentencing him for involuntary manslaughter because the elements of this offense are not "supported by the facts of [this] case" and the offense was not committed while committing or attempting to commit a felony.

{¶7} A trial court must follow a mandate from a reviewing court. *State v. Gates*, 8th Dist. Cuyahoga No. 82385, 2004-Ohio-1453, ¶ 9; *State v. Bronston*, 8th Dist. Cuyahoga No. 97558, 2012-Ohio-2631, ¶ 4; *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 16. Under the "mandate rule," a lower court must "carry the mandate of the upper court into execution and not consider the questions which the mandate laid at rest." *Carlisle*.

{¶8} "In a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. Further, "any prior issues not successfully challenged in [prior] appeal are outside the scope of his re-sentencing remand and will be precluded from further review under the principles of res judicata." *Id*. at ¶

However, the defendant retains the right to raise objections to any issues that arise at his resentencing hearing. *Id.*

{¶9} As to the contention in the first assigned error that the elements of involuntary manslaughter were not "supported by the facts of [this] case" and the offense was not committed while committing or attempting to commit a felony," the trial court had no jurisdiction to consider these claims in light of our limited remand for merger of allied offenses in *Anthony* I and *Anthony* II. Additionally, these claims are barred by res judicata.

{¶10} The first assigned error lacks merit.

## RVO Specification

{¶11} In his second assigned error, Anthony argues that during the resentencing hearing, the trial court erroneously sentenced him on the RVO specification. The record indicates that the trial court did not impose a sentence on the RVO specification. (Tr. 6-7.) Therefore, this claim lacks support in the record. *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 217.

{¶12} The second assigned error lacks merit.

## Failure to Follow Remand of *Anthony* II

{¶13} In his fifth assigned error, Anthony argues that the trial court failed to follow the remand of *Anthony* II because at the conclusion of the resentencing hearing, he remained convicted of both involuntary manslaughter and felonious assault.

{¶14} This claim lacks support in the record, because the resentencing entry indicates that following the remand in *Anthony* II, the state elected to proceed to sentencing on involuntary manslaughter, and the trial court imposed an eleven-year prison term for that offense. No prison term was imposed for felonious assault.

**{¶15}** The fifth assigned error lacks merit.

## Inconsistent and Disproportionate Sentence on Remand

**{¶16}** In the third assigned error, Anthony argues that the eleven-year prison term for the involuntary manslaughter conviction is unsupported by R.C. 2929.11 and 2919.12. In the fourth assigned error, he argues that the eleven-year term for involuntary manslaughter is inconsistent with sentences imposed on similarly situated offenders, and was unlawful and disproportionate to his conduct.

**{¶17}** Once the cause is remanded and the offenses to be merged are selected by the state, the trial court is required to hold a new sentencing hearing and impose sentences for the remaining offenses. *Wilson*, 129 Ohio St.3d 214 at ¶ 34. The doctrine of res judicata does not bar a defendant from objecting to issues that arise at the resentencing hearing or from the resulting sentence. *Id.* at ¶ 30. Specifically, a defendant may challenge the trial court's consideration of R.C. 2929.11 when fashioning the new sentence. *Id.*

**{¶18}** Pursuant to R.C. 2929.11(B), a felony sentence shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with the sentences imposed for similar crimes committed by similar offenders." "'[C]onsistency is achieved by weighing the factors enumerated in R.C. 2929.11 and 2929.12 and applying them to the facts of each particular case.'" *State v. Wells*, 8th Dist. Cuyahoga No. 100365, 2014-Ohio-3032, ¶ 12, quoting *State v. Lababidi*, 8th Dist. Cuyahoga No. 100242, 2014-Ohio-2267, ¶ 16. A court that imposes a sentence for a felony has the discretion to determine the most effective way to comply with the purposes and principles of sentencing outlined in the statute, but it must consider the seriousness, recidivism, and other mitigating factors set forth in R.C. 2929.12. It is not necessary for the trial court to articulate its

consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered. *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6. A trial court's statement in its sentencing entry that it considered the required statutory factors, without more, is sufficient to fulfill a sentencing court's obligations under R.C. 2929.11 and 2929.12. *Id.* at ¶ 7.

**{¶19}** In this matter, the trial court imposed an eleven-year term for involuntary manslaughter, a prison term within the statutory range for a felony of the first degree. The court's sentencing entry states that it considered all required factors of the law and "finds that prison is consistent with the purpose of R.C. 2929.11." The eleven-year sentence is not erroneous under R.C. 2929.11 and 2929.12.

**{¶20}** The third and fourth assigned errors are without merit.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

ANITA LASTER MAYS, J., and

FRANK D. CELEBREZZE, JR., J., CONCUR