[Cite as *State v. Saunders*, 2025-Ohio-5228.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

      Plaintiff- Appellee,           :

                                  No. 114893

      v.                             :

JAMES SAUNDERS,                          :

      Defendant-Appellant.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART, AND MODIFIED
**RELEASED AND JOURNALIZED:** November 20, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-680375-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew Rogalski and Brandon A. Piteo, Assistant Prosecuting Attorneys, *for appellee*.

Jonathan N. Garver, *for appellant*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant James Saunders ("Saunders") appeals from the judgment of the Cuyahoga County Court of Common Pleas resentencing him to

community-control sanctions following this court's decision in *State v. Saunders*, 2024-Ohio-4580 (8th Dist.) ("*Saunders I*"). In *Saunders I*, we affirmed his convictions for two counts of election fraud in violation of R.C. 3599.12(A)(2), felonies of the fourth degree, but vacated the prison terms imposed on each count and ordered the trial court to resentence Saunders to a term of community-control sanctions. On remand, the trial court imposed two six-month jail terms as a condition of community-control sanctions and ordered them to be served consecutively to one another. The trial court's order also waived all costs, fines, and repayment of assigned-counsel fees. It is this resentencing entry from which Saunders appeals.

{¶ 2} Saunders raises three assignments of error asserting that (1) the trial court abused its discretion by imposing six-month jail sentences as a condition of community control, (2) his sentence is contrary to law because the record does not support the imposition of consecutive six-month sentences as community-control sanctions, and (3) the trial court erred in ordering him to repay assigned-counsel fees as ordered at the original 2023 sentencing hearing.

{¶ 3} After a thorough review of the record, we find that it was in the trial court's discretion to order six-month jail sentences as a condition of community control. However, the trial court's order to run those jail terms consecutively to one another is contrary to law. Finally, to the extent that Saunders challenges the trial court's 2023 sentencing entry ordering him to repay assigned attorney fees, that claim is barred by res judicata.

**I. Facts and Procedural History**

{¶ 4} On April 19, 2023, a Cuyahoga County Grand Jury indicted Saunders on two counts of election fraud in violation of R.C. 3599.12(A)(2), fourth-degree felonies. Count 1 alleged that Saunders voted or attempted to vote more than once in the 2020 election, and Count 2 alleged that he voted or attempted to vote more than once in the 2022 election. Saunders waived his right to a jury trial, and the matter proceeded to a bench trial on July 12, 2023.

{¶ 5} On August 22, 2023, the trial court found Saunders guilty on both counts as charged. In its written findings of fact and conclusions of law, the court determined that R.C. 3599.12(A)(2) was a strict-liability statute and that Saunders voted or attempted to vote more than once in the 2020 presidential election and the 2022 general election. The court rejected Saunders's constitutional and statutory arguments.

{¶ 6} Prior to sentencing, Saunders filed three motions: a motion for a new trial, a motion for reconsideration of verdicts, and a motion for acquittal under Crim.R. 29(C). At the August 28, 2023 sentencing hearing, the trial court heard arguments on the motions and denied them on the record, concluding that the evidence and statutory interpretation supported a finding of guilt. The court then proceeded to sentencing.

{¶ 7} At the sentencing hearing held on August 28, 2023, the court imposed 18-month prison terms on each count and ran them consecutively to one another for an aggregate sentence of 36 months in prison. The court found that Saunders's

conduct warranted imprisonment notwithstanding the statutory preference for community-control sanctions for fourth-degree felonies. The court emphasized that Saunders, as a licensed attorney and former federal employee, held a position of public trust and "should be held to a higher standard than an ordinary unsophisticated citizen." The court also reviewed the Cuyahoga County Public Defender's indigency determination for Saunders and found him not indigent. Based on that finding, the court denied further appointed-counsel services and ordered Saunders to repay his attorney fees to the public defender's office. These findings were journalized in the trial court's August 28, 2023 sentencing entry ("2023 sentencing entry").

{¶ 8} Saunders appealed the 2023 sentencing entry to this court in *Saunders I*. He raised five assignments of error challenging the sufficiency and manifest weight of the evidence, the trial court's denial of his postjudgment motions, the imposition of consecutive prison sentences, and the effectiveness of trial counsel. Notably, Saunders failed to challenge the trial court's finding of non-indigency and order to repay legal fees.

{¶ 9} On September 19, 2024, this court affirmed Saunders's convictions but vacated his prison sentences. We held that R.C. 3599.12(A)(2) is a strict-liability statute, that the "same election" language encompasses elections held on the same federally designated election day in different states, and that the trial court properly exercised jurisdiction. *Saunders I* at ¶ 45, 53, 60. However, we determined that the trial court's findings under R.C. 2929.13(B)(1)(b)(vii) did not justify overcoming

the statutory preference for community-control sanctions and remanded the case "for the limited purpose of resentencing Saunders to community-control sanctions in accordance with the law." *Id.* at ¶ 102.

{¶ 10} On remand, the trial court conducted a resentencing hearing where it imposed community-control sanctions consisting of two terms of community-residential sanctions under R.C. 2929.16(A)(2) to run consecutively to one another, for a total term of 12 months in the Cuyahoga County Jail.

{¶ 11} Saunders filed a timely notice of appeal on March 7, 2025, challenging the lawfulness of the jail sentences and the reimbursement order set forth in the 2023 sentencing entry.

## II. Law and Analysis

### A. First Assignment of Error

{¶ 12} In his first assignment of error, Saunders argues that the trial court abused its discretion by imposing six-month jail sentences as part of his community-control sanctions following remand. Saunders alleges that by doing so, the trial court indirectly did what the court of appeals prohibited it from doing in *Saunders I*. Since the trial court was within its authority to impose a six-month jail term as a condition of community control, Saunders's first assignment of error is not well-taken.

{¶ 13} Upon remand from this court in *Saunders I*, the trial court was directed to resentence Saunders "to community-control sanctions in accordance with the law." *Saunders I* at ¶ 102. At the resentencing hearing on March 3, 2025,

the trial court imposed six months in the Cuyahoga County Jail on each count under R.C. 2929.16(A)(2), which authorizes a "term of up to six months in jail" as a permissible community residential sanction for a felony offense. The consecutive nature of these jail terms, however, raises a distinct question of law, which is addressed in the following section.

{¶ 14} Under Ohio's felony sentencing framework, community control is a non-prison sentence that may include both residential and nonresidential conditions. R.C. 2929.15(A)(1) permits a trial court to impose one or more sanctions set forth in R.C. 2929.16–2929.18 as part of community control. R.C. 2929.16(A)(2) specifically authorizes a trial court to impose "a term of up to six months in a jail" as a community-residential sanction. This statutory provision reflects the legislature's intent to allow limited local confinement as a rehabilitative condition of community control, not as a substitute for a prison term. *See State v. Masters,* 2016-Ohio-7391, ¶ 7 (8th Dist.), citing *State v. Cook,* 2000 Ohio App. LEXIS 5712 (8th Dist. Dec. 7, 2000) (recognizing that time served in a local jail as a part of community-control sanctions is not the same as a prison sentence). So long as the jail term does not exceed six months and is part of a lawful community-control plan, it is within the trial court's discretion under R.C. 2929.15(A)(1).

{¶ 15} A trial court's sentencing decision is reviewed for an abuse of discretion when the alleged error involves the choice or application of a community-control condition. *State v. Talty*, 2004-Ohio-4888, ¶ 10. Abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, not

merely that an appellate court might have reached a different conclusion. *State v. Morris*, 2012-Ohio-2407, ¶ 14. In the context of community control, a trial court has broad authority to tailor sanctions that reflect the purpose of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 16} Upon review, the trial court's decision to impose six-month jail terms on each count falls well within its discretion and was not prohibited by our decision in *Saunders I*. The record reflects that the trial court considered the statutory sentencing principles, the appellate mandate from this court's previous decision in *Saunders I*, and the presumption in favor of community control and it selected the maximum authorized term of local confinement consistent with R.C. 2929.16(A)(2). This does not constitute an abuse of discretion.

{¶ 17} Accordingly, Saunders's first assignment of error is overruled.

**B. Second Assignment of Error**

{¶ 18} In his second assignment of error, Saunders argues that his sentence is contrary to law because the trial court imposed consecutive six-month jail terms as community-control sanctions. The State concedes that this aspect of Saunders's sentence is unlawful. Upon review, we agree.

{¶ 19} Although R.C. 2929.16(A)(2) authorizes the trial court to impose "a term of up to six months in jail" as a community-residential sanction for each felony offense, the statute does not expressly authorize the stacking of multiple six-month jail terms to create an aggregate period of confinement exceeding six months. In *State v. Barnhouse*, 2004-Ohio-2492, the Ohio Supreme Court held that a trial court

cannot impose consecutive six-month jail terms as community-control sanctions under R.C. 2929.16(A)(2). *Id.* at ¶ 1.

{¶ 20} This court, and others, have consistently followed *Barnhouse* in holding that the aggregate term of confinement imposed as a community-control sanction under R.C. 2929.16(A)(2) cannot exceed six months. *See, e.g., State v. Curry,* 2018-Ohio-4771, ¶ 50 (8th Dist.); *State v. Wilkins*, 2019-Ohio-4679, ¶ 9 (8th Dist.). Thus, while the trial court properly imposed community-control sanctions in accordance with the remand order, the consecutive nature of the imposed jail terms is contrary to law. As such, the trial court's order running the imposed jail terms consecutively is contrary to law.

{¶ 21} Accordingly, Saunders's second assignment for error is sustained and the portion of the trial court's sentence running the imposed jail terms consecutively is vacated.

### C. Third Assignment of Error

{¶ 22} In his final assignment of error, Saunders challenges the trial court's order in its 2023 sentencing entry finding him not to be indigent and requiring him to reimburse the State for the cost of assigned counsel. He contends that this determination was inconsistent with the trial court's subsequent finding at the 2025 resentencing hearing where the court found him indigent and waived repayment of those same fees. Saunders asserts that the 2023 finding was unsupported by the record.

{¶ 23} The record shows that the parties and the trial court addressed indigency at the August 28, 2023 sentencing hearing during which the court made a specific finding that Saunders was not indigent and ordered repayment of attorney fees. Saunders did not challenge that finding in his first appeal, and this court in *Saunders I* only vacated his prison sentence and remanded this matter "for the limited purpose of resentencing Saunders to community-control sanctions." *Id.* at ¶ 102. Saunders likewise did not raise the issue at the March 3, 2025 resentencing hearing.

{¶ 24} To the extent that Saunders is challenging the trial court's 2023 sentencing entry ordering him to repay his assigned counsel fees, the doctrine of res judicata bars the relitigating of issues that were raised or could have been raised in a prior appeal. *State v. Saxon*, 2006-Ohio-1245, ¶ 16; *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The Ohio Supreme Court has repeatedly held that when an appellate court remands a case for the limited purpose of correcting or reconsidering a specific aspect of a defendant's sentence, the scope of appellate review from the resentencing decisions is limited to issues that arise at that new hearing. *State v. Fischer*, 2010-Ohio-623, ¶ 40.

{¶ 25} In *Saunders I*, this court affirmed Saunders's convictions and all aspects of his original sentence except the imposition of prison terms. The case was remanded "for the limited purpose of resentencing Saunders to community-control sanctions in accordance with the law." *Id.* at ¶ 102. The trial court's prior orders regarding costs, indigency, and appointed-counsel reimbursement were not

disturbed or vacated. Because Saunders did not challenge those orders on appeal in *Saunders I*, he is barred by res judicata from doing so now.

{¶ 26} While the 2025 judgment entry provides that the "court incorporates all findings from [the 2023] sentencing hearing," declared Saunders indigent, and waived costs, fines, and "repayment of assigned counsel fee(s)," it is unclear whether the trial court attempted to reconsider its 2023 order with respect to fees as argued by Saunders. Even if the trial court reconsidered its 2023 order with respect to fees, the trial court's 2025 order regarding fees was beyond the scope of this court's limited-remand mandate regarding Saunders's prison sentence. *See State v. Anthony*, 2018-Ohio-2050, ¶ 8, quoting *State v. Wilson*, 2011-Ohio-2669, ¶ 15 ("'[A]ny prior issues not successfully challenged in [a prior] appeal are outside the scope of [resentencing] and will be precluded from further review under the principles of res judicata.'").

{¶ 27} The only matter properly before the trial court on remand — and thus before this court — is the resentencing imposed in accordance with the appellate mandate in *Saunders I*. Res judicata precludes consideration of new arguments unrelated to that limited remand.

{¶ 28} Because Saunders could have raised this claim in his prior appeal but did not, the issue is now barred.

{¶ 29} Accordingly, Saunders's third assignment of error is overruled.

## III. Conclusion

{¶ 30} Upon a thorough review of the record, we find that the trial court properly imposed six-month jail terms as a condition of community-control sanctions under R.C. 2929.16(A)(2) but erred in ordering that they be served consecutively. Accordingly, the portion of Saunders's sentence requiring that the two six-month jail terms be served consecutively is vacated and those terms are modified to run concurrently. Saunders's challenge to the trial court's order in its 2023 sentencing entry ordering him to repay his assigned counsel fees is barred by the doctrine of res judicata since he could have raised it in his direct appeal and chose not to.

{¶ 31} The judgment of the trial court is therefore affirmed in part, vacated in part, and modified to reflect concurrent six-month jail terms under community control. In all other respects, the judgment of the trial court is affirmed.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed as modified, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)