FRANK D. CELEBREZZE, JR., J.:
*1294 {¶ 1} Defendant-appellant, William Frazier ("appellant"), brings this appeal challenging the trial court's sentence for drug possession, possessing criminal tools, and violating postrelease control. Specifically, appellant argues that the trial court made improper and prejudicial remarks during sentencing, erred by imposing a maximum sentence on the drug possession count, and erred by ordering him to serve the remainder of his postrelease control term consecutively. After a thorough review of the record and law, this court affirms in part, vacates in part, and remands for further proceedings consistent with this opinion.
I. Factual and Procedural History
{¶ 2} In Cuyahoga C.P. No. CR-15-600584-B, the Cuyahoga County Grand Jury returned an eight-count indictment on November 13, 2015, against appellant and his codefendant, Aaron Pittmon. Counts 3 through 8 in the indictment pertained to appellant. Appellant was charged with: Count 3-drug possession, a fifth-degree felony in violation of R.C. 2925.11(A), with a one-year firearm specification and forfeiture specifications; Count 4-possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A), with forfeiture specifications; Count 5-drug possession, a fifth-degree felony in violation of R.C. 2925.11(A), with forfeiture specifications; Count 6-possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A), with forfeiture specifications; Count 7-drug possession, a fifth-degree felony in violation of R.C. 2925.11(A), with forfeiture specifications; and Count 8-drug possession, a minor misdemeanor in violation of R.C. 2925.11(A), with forfeiture specifications. Appellant was arraigned on November 18, 2015. He pled not guilty to the indictment.
{¶ 3} The parties reached a plea agreement. On January 7, 2016, appellant pled guilty to an amended Count 3, drug possession, without the one-year firearm specification. Further, appellant pled guilty to possessing criminal tools as charged in Counts 4 and 6 of the indictment. Pursuant to the plea agreement, appellant agreed to forfeit $40 in U.S. currency, a digital scale, three cell phones, a 2005 Buick LaCrosse, and a firearm. The remaining counts and specifications were nolled. During the change of plea hearing, appellant's counsel advised the trial court that appellant was on postrelease control when he committed these offenses.[1] The trial court ordered a presentence investigation report and set the matter for sentencing.
{¶ 4} The trial court held a sentencing hearing on January 28, 2016. Appellant's counsel, appellant, and the prosecutor addressed *1295 the court. The trial court imposed a prison term of one year: one year on the drug possession count and six months on each count of possessing criminal tools. The trial court ordered the counts to run concurrently. Regarding the postrelease control violation, the trial court ordered appellant to serve the remainder of his sentence, approximately three years, consecutively to the one-year prison sentence.
{¶ 5} Appellant, acting pro se, filed an appeal on March 21, 2016. This court appointed appellate counsel to represent appellant.
{¶ 6} On August 1, 2016, this court, sua sponte, dismissed the appeal based on appellant's failure to file a brief. However, on August 12, 2016, this court granted appellant's motion for reconsideration and vacated the prior sua sponte dismissal of the appeal.
{¶ 7} On November 9, 2016, this court concluded that the trial court's January 28, 2016 sentencing entry did not accurately reflect the sentence imposed in open court. As a result, this court remanded the matter to the trial court for a nunc pro tunc sentencing entry. The trial court issued a nunc pro tunc sentencing entry on December 30, 2016.
{¶ 8} On February 8, 2017, this court remanded the matter to the trial court for a correction of the judgment of conviction so that it contained, in a single document, both the fact of conviction and sentence for each count.[2] On February 16, 2017, the trial court issued a nunc pro tunc sentencing entry.
{¶ 9} On March 29, 2017, this court again remanded the matter to the trial court with instructions to enter a sentencing entry that complied with Baker and Lester . The trial court issued a nunc pro tunc journal entry on March 29, 2017.
{¶ 10} Appellant assigns three errors for review:
I. The trial court abused its discretion when it interjected personal views of her own life in comparison to the appellant's [allocution] under Crim.R. 32 at sentencing.
II. The trial court erred when it sentenced the appellant to the maximum sentence on a felony of the fifth degree.
III. The trial court erred when it invoked R.C. 2929.141 and imposed an additional three year sentence to be served consecutively to the one year sentence in Case No. 600584.
II. Law and Analysis
A. Trial Court's Statements
{¶ 11} Appellant's first assignment of error pertains to certain statements that the trial court made before imposing its sentence. During the sentencing hearing, the trial court inquired as to why appellant decided to use heroin for the first time. Appellant explained that he was going through a lot of stress, but acknowledged that it did not excuse his actions. Thereafter, the trial court engaged in a colloquy with appellant during which the trial court examined the specific stressors that appellant had encountered in his life. Furthermore, the trial court explained that everyone experiences stress and suggested that many people encounter more stress than appellant without resorting to drug use. For instance, the trial court emphasized that appellant has yet to encounter common stressors such as marital problems or divorce, financial difficulties, raising children, and supporting children financially.
*1296 {¶ 12} Appellant takes issue with the trial court's statements regarding stress, and challenges the statements on two grounds. First, he argues that the trial court abused its discretion by improperly interjecting personal views during the sentencing hearing. Furthermore, he appears to argue that the trial court abused its discretion by "turn[ing] what was at maximum, a one year sentence that was amenable to a community control sanction * * * into a four year sentence[.]"
{¶ 13} This court does not review a trial court's sentence for an abuse of discretion. As set forth in further detail below, we review felony sentences under the standard set forth in R.C. 2953.08(G)(2). State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. State v. Martin , 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, 2017 WL 121774, ¶ 7.
{¶ 14} Second, appellant appears to raise a judicial bias argument. Specifically, he argues that the trial court's statements regarding stress were prejudicial, indicated that the court was biased against him, and denied him a fair sentencing hearing. As such, appellant argues that this matter must be remanded for resentencing by a different judge.
{¶ 15} We will interpret appellant's judicial bias claim as an argument that his sentence is contrary to law based on a due process violation. See State v. Filous , 8th Dist. Cuyahoga No. 104287, 2016-Ohio-8312, 2016 WL 7427287, ¶ 12 (defendant-appellant argued that his due process rights were violated because the trial court failed to afford him a fair and impartial sentence and the trial judge was biased against him based on certain comments made by the trial court during the sentencing hearing); State v. Power , 5th Dist. Holmes No. 15 CA 1, 2015-Ohio-3001, 2015 WL 4549893, ¶ 27 (defendant-appellant argued that his sentence was contrary to law because certain comments made by the trial court during the change of plea and sentencing hearings indicated that the court was prejudiced or biased against him.)
{¶ 16} Generally, when a defendant wishes to raise a challenge to a trial judge's objectivity, he must utilize the procedure for filing an affidavit of disqualification set forth in R.C. 2701.03. State v. Casada , 8th Dist. Cuyahoga No. 103362, 2016-Ohio-2633, 2016 WL 1594022, ¶ 25, citing State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph three of the syllabus. A court of appeals has "no authority to determine a claim that a trial judge is biased or prejudiced against a defendant and no authority to void a trial court's judgment based on a claim that the trial judge is biased or prejudiced." State v. Williamson , 8th Dist. Cuyahoga No. 104294, 2016-Ohio-7053, 2016 WL 5620133, ¶ 27. However, in State v. Power , 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, 2013 WL 5437346, the Seventh District explained that biased comments at sentencing can be reviewed by an appellate court for due process violations. Id. at ¶ 22, citing State v. Arnett , 88 Ohio St.3d 208, 218, 724 N.E.2d 793 (2000).
{¶ 17} Judicial bias has been interpreted as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as *1297 contradistinguished from an open state of mind which will be governed by the law and the facts." State v. Dean , 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 48, quoting Weygandt at paragraph four of the syllabus. "If the trial judge forms an opinion based on facts introduced or events occurring during the course of the current or prior proceedings, this does not rise to the level of judicial bias, ' "unless [the opinions] display a deep-seated favoritism or antagonism that would make fair judgment impossible." ' " State v. Hough , 2013-Ohio-1543, 990 N.E.2d 653, ¶ 11 (8th Dist.), quoting Dean at ¶ 49, quoting Liteky v. United States , 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).
{¶ 18} In Filous , 8th Dist. Cuyahoga No. 104287, 2016-Ohio-8312, 2016 WL 7427287, this court explained,
[t]he law presumes that a judge is unbiased and unprejudiced in the matters over which he or she presides, and the appearance of bias or prejudice must be compelling in order to overcome the presumption. State v. Power , 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254 [2013 WL 5437346], ¶ 23, citing In re Disqualification of Olivito , 74 Ohio St.3d 1261, 1262, 657 N.E.2d 1361 (1994).
Filous at ¶ 14.
{¶ 19} In the instant matter, we find no evidence to overcome the presumption that the trial court was not biased or prejudiced against appellant. Although the trial court vocalized its displeasure with appellant's statement that he decided to use heroin because he "was going through a lot of stress," the court was in effect emphasizing that it was unacceptable for appellant to resort to drug use any time he encounters a stressful situation. Furthermore, we do not find that the sentence imposed is indicative of judicial bias or prejudice.
{¶ 20} Appellant's statement that he decided to use heroin because he "was going through a lot of stress" is relevant in considering whether he is likely to reoffend in the future. R.C. 2929.12(D)(4) provides that an offender is more likely to commit future crimes if he "has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and [he] refuses to acknowledge that [he] has demonstrated that pattern, or [he] refuses treatment for the drug or alcohol abuse." The trial court, in discussing appellant's statement and this sentencing factor, could have reasonably been concerned that appellant is likely to reoffend in the future-particularly if and when he encounters stress or stressful situations.
{¶ 21} The trial court did not proceed immediately to sentencing after the discussion regarding stress. Instead, the trial court inquired about the programs appellant participated in while he was incarcerated. Although the trial court imposed the maximum one-year sentence on the drug possession count, the court did not impose a maximum sentence on the counts of possessing criminal tools, nor order the counts to run consecutively pursuant to R.C. 2929.14(C)(4).
{¶ 22} Based on the foregoing analysis, we find no merit to appellant's claim of judicial bias. Appellant's first assignment of error is overruled.
B. Maximum Sentence
{¶ 23} In his second assignment of error, appellant argues that the trial court erred by imposing the maximum one-year sentence on the drug possession count.
{¶ 24} As noted above, this court reviews felony sentences under the standard set forth in R.C. 2953.08(G)(2). Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, *1298 a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. Martin , 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, 2017 WL 121774, at ¶ 7. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. State v. Hinton , 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, 2015 WL 7571481, ¶ 10, citing State v. Smith , 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, 2014 WL 1408284, ¶ 13.
{¶ 25} In the instant matter, appellant argues that the record does not support the imposition of the maximum one-year sentence on the drug possession count. In support of his assertion, appellant directs this court to R.C. 2929.12 and 2929.13.
{¶ 26} Appellant argues that none of the factors under R.C. 2929.12(B) indicating that his conduct is more serious than conduct normally constituting the offense apply. Regarding the factors under R.C. 2929.12(C) indicating that his conduct is less serious than conduct normally constituting the offense, appellant contends that he is a victim of his own drug addiction, he acted under strong provocation-his drug addiction-and that his drug addiction should mitigate his sentence. Furthermore, appellant emphasizes that in committing the offense, he did not cause physical harm to any person or property. Regarding the factors set forth in R.C. 2929.12(D) indicating that he is likely to commit future crimes, appellant asserts that the fact he is amenable to drug treatment demonstrates he is not likely to reoffend.
{¶ 27} Appellant argues that only two of the 11 provisions under R.C. 2929.13(B)(1)(b) apply. R.C. 2929.13(B)(1)(b) provides, in relevant part:
The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply :
* * *
(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
(Emphasis added.)
{¶ 28} In the instant matter, appellant does not contend that the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Instead, he appears to disagree with the weight that the trial court afforded to these sentencing factors. The weight to assign to a particular sentencing factor lies within the sound discretion of the trial court. State v. Switzer , 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, 2015 WL 4506369, ¶ 12, citing State v. Arnett , 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Accord State v. Stovall , 8th Dist. Cuyahoga No. 104787, 2017-Ohio-2661, 2017 WL 1742998, ¶ 31. Appellant's sentence is not contrary to law simply because he disagrees with the way in which the trial court weighed the factors under R.C. 2929.11 and 2929.12 and applied these factors in crafting an appropriate sentence. See *1299 State v. Ledbetter , 8th Dist. Cuyahoga No. 104077, 2017-Ohio-89, 2017 WL 122979, ¶ 11.
{¶ 29} Appellant further asserts that the trial court did not find that a community control sanction would be an insufficient penalty nor that a maximum sentence was necessary. Appellant directs this court to State v. Williams , 136 Ohio App.3d 570, 737 N.E.2d 139 (3d Dist.2000). There, the appellate court interpreted the Ohio Supreme Court's holding in State v. Edmonson , 86 Ohio St.3d 324, 715 N.E.2d 131 (1999), as requiring the trial court to make findings and give its reasons for imposing a maximum sentence, both on the record at the sentencing hearing and in the sentencing journal entry. Williams at 572, 737 N.E.2d 139. Appellant's reliance on Williams is misplaced.
{¶ 30} In State v. Sergent , 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, the Ohio Supreme Court held that " '[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentence.' " Id. at ¶ 34, quoting State v. Foster , 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus; see State v. Horner , 8th Dist. Cuyahoga No. 103719, 2016-Ohio-7608, 2016 WL 6575199, ¶ 13 ("[a] trial court is not required to make any factual findings before imposing a maximum sentence."). A trial court's imposition of a maximum sentence for a felony conviction is not contrary to law as long as the sentence is within the statutory range under R.C. 2929.14(A) and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. State v. Sword , 8th Dist. Cuyahoga No. 104477, 2017-Ohio-295, 2017 WL 389840, ¶ 11.
{¶ 31} Although the trial court must consider the principles and purposes of sentencing, as well as any mitigating factors, R.C. 2929.11 and 2929.12 are not fact-finding statutes. State v. Keith , 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, 2016 WL 4141260, ¶ 11. The court is not required to use particular language nor make specific findings on the record regarding its consideration of those factors. Id. ; State v. Wilson , 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. In fact, consideration of the factors in R.C. 2929.11 and 2929.12 is presumed unless the defendant affirmatively shows otherwise. Keith at id. This court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. State v. Paulino , 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, 2017 WL 56411, ¶ 37.
{¶ 32} In the instant matter, the trial court's sentence on the drug possession count, a fifth-degree felony, is within the permissible statutory range under R.C. 2929.14(A)(5). The trial court's sentencing journal entry provides, in relevant part, "the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Aside from this notation in the sentencing entry, the record reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12 when sentencing appellant.
{¶ 33} The trial court considered the information in appellant's presentence investigation report. The trial court considered that appellant committed the offenses to which he pled guilty while he was on postrelease control. The trial court considered that appellant violated multiple conditions of his postrelease control, including *1300 associating with known criminals and using drugs.
{¶ 34} The trial court considered that appellant's substance abuse problem was getting progressively worse. Appellant's counsel stated that appellant had been using illegal drugs since the age of 12. Both appellant and his counsel stated that the October 26, 2015 incident would have been appellant's first time using heroin.
{¶ 35} During the sentencing hearing, appellant stated that he was ready to get his life together and return to work. Appellant advised the trial court that he "took up a trade in carpentry" while he was incarcerated. (Tr. 27.) However, he acknowledged that he failed to complete the program. Appellant's counsel stated that appellant was working at a supermarket. The trial court considered that although appellant had been on postrelease control for two years, he failed to complete the carpentry program and had not applied to the union.
{¶ 36} The trial court considered that appellant was driving without a license on the night he was arrested. Appellant appeared to minimize the seriousness of his conduct by stating that he and his codefendant were parked, rather than driving, when they were approached by the arresting officers. Appellant subsequently conceded that he had driven to the spot where he was arrested despite the fact that he did not have a driver's license.
{¶ 37} Based on the foregoing analysis, we find that the trial court's maximum one-year sentence on the drug possession count is not contrary to law. The sentence is within the permissible statutory range and the record reflects that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Appellant's second assignment of error is overruled.
C. R.C. 2929.141
{¶ 38} In his third assignment of error, appellant argues that the trial court erred by imposing a consecutive three-year sentence for his postrelease control violation.
{¶ 39} R.C. 2929.141, which gives trial courts discretion to further punish defendants who commit new felonies while on postrelease control, provides, in relevant part,
(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:
(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.
{¶ 40} Appellant acknowledges that the trial court's sentence for the postrelease *1301 control violation was lawful. However, he contends that the sentence is "fundamentally unfair raising the issue of due process."
{¶ 41} Appellant asks this court to reconsider the holding in State v. Shaffer , 8th Dist. Cuyahoga Nos. 95273 and 95274, 2011-Ohio-844, 2011 WL 676114. In Shaffer , during the plea hearing, the trial court advised the defendant-appellant that he would be under postrelease control for three years and that he could serve up to one-half of his original prison sentence if he violated the terms of his postrelease control. Id. at ¶ 16. The trial court did not, however, advise the defendant that he could receive a prison term "the greater of twelve months or the period of post-release control" if he committed a new felony while on postrelease control. Id. at ¶ 11. This court explained that a defendant does not need to be advised of all of the potential consequences of a postrelease control violation, including the consequences under R.C. 2929.141, if another felony charge is committed while on postrelease control. Id. at ¶ 12. Further, regarding the advisement of the penalty for committing a new felony while on postrelease control, this court concluded that the trial court substantially complied with Crim.R. 11(C)(2)(a). Id. at ¶ 16.
{¶ 42} Appellant contends that the Shaffer holding conflicts with the Ohio Supreme Court's holding in State v. Sarkozy , 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. There, the trial court failed to advise the defendant during the plea hearing that he would be subject to a mandatory five-year period of postrelease control and that a violation of the conditions of postrelease control could result in a prison term of up to one-half of the original prison term. Id. at ¶ 15, 23-24. The Ohio Supreme Court held that "[i]f the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause." Id. at paragraph two of the syllabus. " Sarkozy is premised on the knowing, intelligent or voluntary nature of a plea made in the absence of an advisement as to the terms of postrelease control as required by Crim.R. 11." State v. McGee , 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374, 2009 WL 1965292, ¶ 7.
{¶ 43} After reviewing the record, it is evident that appellant's reliance on Shaffer and Sarkozy is misplaced. Appellant challenges the trial court's sentence-he does not challenge the knowing, intelligent, and voluntary nature of his guilty plea. Furthermore, appellant does not assert that the trial court failed to advise him of the potential prison term that he could receive for violating postrelease control during the change of plea hearing.
{¶ 44} During the change of plea hearing, appellant's counsel stated that appellant is on postrelease control and that he explained the implications of pleading guilty to appellant. (Tr. 7.) The trial court stated, "[d]o you understand that any sentence in this case can be made consecutive to any time remaining on postrelease control or one year, whichever is greater?" (Tr. 9.) Appellant confirmed that he understood these consequences of pleading guilty.
{¶ 45} Based on the foregoing analysis, we find that the trial court properly exercised its jurisdiction and discretion pursuant to R.C. 2929.141 to impose the three-year consecutive sentence for appellant's postrelease control violation. Appellant's third assignment of error is overruled.
D. Merger
{¶ 46} Although appellant does not raise the issue of merger on appeal, we *1302 find that the trial court committed plain error by imposing a sentence on both counts of possessing criminal tools. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). The Ohio Supreme Court has held that when a trial court imposes separate sentences for two offenses after concluding that they are allied offenses of similar import, the imposition of separate sentences is contrary to law and the sentences are void. State v. Williams , 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 29.
{¶ 47} During the January 28, 2016 sentencing hearing, the trial court inquired whether any of the counts to which appellant pled guilty merged. (Tr. 28.) The parties agreed that the possessing criminal tools counts, Counts 4 and 6, merged with one another. Despite the parties' agreement, the trial court imposed a concurrent sentence on both counts of possessing criminal tools.
{¶ 48} The Ohio Supreme Court has held that "[t]he imposition of concurrent sentences is not the equivalent of merging allied offenses." State v. Damron , 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17. In Damron , the court explained, "[w]hen a defendant has been found guilty of offenses that are allied offenses, R.C. 2941.25 prohibits the imposition of multiple sentences." Id ., citing State v. Whitfield , 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182. "Even when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law." State v. Underwood , 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. Rather than imposing concurrent sentences, the trial court is required to "merge the offenses into a single conviction and then impose an appropriate sentence for the offense chosen for sentencing." Damron at ¶ 17, citing State v. Brown , 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149. Accord State v. Anthony , 8th Dist. Cuyahoga No. 104497, 2017-Ohio-2756, 2017 WL 1957134.
{¶ 49} In Whitfield , the Ohio Supreme Court explained, "for purposes of R.C. 2941.25, a 'conviction' is the combination of a guilt determination and a sentence or penalty." Id. at ¶ 12. Here, as the record currently stands, appellant is convicted of both counts of possessing criminal tools-he pled guilty to and was sentenced on both counts. This error must be corrected.
{¶ 50} Based on the foregoing analysis, we find that the trial court erred by the manner in which it imposed its sentence on Counts 4 and 6. Accordingly, appellant's sentence on these counts is vacated. This matter is remanded for resentencing. On remand, the trial court must direct the state to elect which possessing criminal tools count it wishes to proceed on for purposes of sentencing, and then proceed to only sentence appellant on that count. See Parma Hts. v. Owca , 2017-Ohio-179, 77 N.E.3d 505, ¶ 58.
III. Conclusion
{¶ 51} After thoroughly reviewing the record, we affirm the sentence imposed on the drug possession count and the postrelease control violation. The record does not indicate that the trial court was biased or prejudiced against appellant, nor that appellant's due process rights were violated; appellant's one-year sentence on the drug possession count is not contrary to law; the trial court did not err by imposing a consecutive three-year sentence for appellant's postrelease control violation.
{¶ 52} The trial court erred by failing to merge the two counts of possessing criminal tools for sentencing purposes. The sentence imposed on these counts is vacated, *1303 and the matter is remanded for resentencing consistent with this opinion.
{¶ 53} Judgment affirmed in part, vacated in part, and remanded for resentencing.
MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR

Appellant was on postrelease control in CR-10-535957-A. There, appellant pled guilty to two counts of aggravated robbery, first-degree felonies in violation of R.C. 2911.01(A)(1), with one-year firearm specifications. He was sentenced to a prison term of four years in September 2010.

See State v. Baker , 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 ; State v. Lester , 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142.