[Cite as *State v. Reese*, 2019-Ohio-4670.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107714 |
| v. | : | |
| SHAWN REESE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** November 14, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-624729-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Robert A. Dixon, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Shawn Reese, appeals his convictions in Cuyahoga C.P. No. CR-18-624729-A. He raises two assignments of error for our review:

> 1. The appellant was denied due process of law and a fair trial pursuant to the Sixth and Fourteenth Amendments to the United States Constitution due to failure of the trial judge to disqualify himself due to [an] expressed belief that the appellant was untruthful and attempting to deceive the court.

> 2. The appellant's right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution was violated due to the failure of counsel to raise and preserve the issue of potential bias on the part of the trial court.

{¶ 2} Finding no merit to his arguments, we affirm.

## I. Procedural History and Factual Background

{¶ 3} In January 2018, Reese was indicted in CR-18-624729 on two counts of murder in violation of R.C. 2903.02(A) and (B), one count of felonious assault in violation of R.C. 2903.11(A)(1), and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). The murder and felonious assault counts carried one- and three-year firearm specifications. The events that gave rise to this indictment took place on August 10, 2017. The trial court referred to this case as "the murder case."

{¶ 4} Reese was also indicted in January 2018 for aggravated robbery and related charges in Cuyahoga C.P. No. CR-17-624420-A (Reese did not appeal this case). This case was assigned to the same judge as CR-18-624729. The events that gave rise to this indictment took place on December 15, 2017 (Reese's arrest in this

case was how he was found and arrested in the murder case). Although there were a total of six counts in CR-17-624420, the trial court referred to this case as "the aggravated robbery case."

{¶ 5} Reese appeared for a pretrial in both cases on August 8, 2018. The trial court indicated that the two cases were set for trial on August 13 and asked whether the cases should be tried together. The prosecutor responded, "No." The trial court then asked the prosecutor which case it preferred to try first. The prosecutor told the court that she wished to try the aggravated robbery case first. Defense counsel stated that he did not have any objection to the aggravated robbery case being tried first. The trial court said that it would honor the prosecutor's election and told Reese, "You stand advised then that on August 13 we will begin the trial in 624420." The trial court further told the parties that "the morning after a verdict in that case, we'll begin the trial in the murder case." The trial court stated:

> All right. So that's how I intend to proceed, and I'll put on a journal entry to that effect. But as of today, Mr. Reese, both of them remain set for August 13; but as just mentioned, we're not going to try the two of them together. It's going to be one after the other. First, the aggravated robbery; and then the murder.

{¶ 6} The trial court then asked the parties if there was anything else that needed to be addressed. The prosecutor reminded the court that the murder and aggravated robbery cases were assigned to its docket because Reese was on probation before the judge on another case, Cuyahoga C.P. No. CR-17-613382-B. The prosecutor also informed the court that Reese was indicted for another aggravated robbery case (in addition to CR-17-624420) that was pending before

another judge and set for trial on August 14, 2018. The prosecutor indicated that she and defense counsel were still discussing plea negotiations regarding all three cases but that they had not yet reached a deal.

{¶ 7} On the morning of August 13, 2018, the trial court stated that the aggravated robbery case was set for trial that day. Defense counsel then said that he wished to discuss a new plea offer with Reese. The trial court gave defense counsel time to do so. After talking to Reese, defense counsel informed the court that Reese was "unsatisfied at this point" and wished to speak to the trial court. The following exchange then took place:

> THE DEFENDANT: * * * So I found out on Friday that I'm going to trial today for aggravated robbery. I've been here eight months. We have been discussing taking this murder case to trial, right?
>
> THE COURT: May I interrupt you? I want to let you say what you want to say, but we were on the record certainly before last Friday, and we talked about the idea of the aggravated robbery would be tried first. Let me see. I need to check the docket real quick.
>
> We were here on the record on August 8th, which was Wednesday, and that's when we talked about going first on the aggravated robbery and second on the murder, so the reason I mention that is just starting out you're telling me something that I know not to be true but go ahead.

{¶ 8} Reese stated that he got his days "mixed up," but that he tried to ask his defense counsel, "How [was it] getting switched over like this?" The trial court asked, "You mean which one to try first," and Reese responded, "Yes." The trial court explained to Reese that although it tries to give the prosecutor "strong input into which case goes first because she's the one who has to get her witnesses in order," that it was ultimately the trial court's decision.

{¶ 9} Reese told the court that he had not seen any evidence on the aggravated robbery case "until right now when I just went in the back room." Reese further complained that his trial counsel had been deceitful, gave him "bad legal advice," and did not have his "best interest in the case" because he had not yet asked Reese what his "point of view" was. Reese further complained that it seemed as if his defense counsel was "working with prosecutor instead of working with [him]." As an example, Reese told the trial court that his defense counsel changed the sentencing "numbers around multiple times."

{¶ 10} After questioning the prosecutor about the plea offer, the trial court learned that the state had previously offered Reese a recommended sentence of 23 to 30 years in prison for pleading guilty in both the murder and the aggravated robbery cases. But as of that day in court (August 13), the state was now offering 15 to 30 years for accepting the state's plea offer in both cases. After learning this, the trial court told Reese that it was clear that his defense counsel was working for him because the state was now offering a lower minimum sentence. Reese disagreed and said that the "new offer was 13 to 20" years. The state told the court that it never offered to agree to that sentence. The court replied:

> And I'm highly dubious of that, Mr. Reese. Obviously I wasn't there with you, but I know you already started on a lie to me here today, and although I haven't been represented by Mr. Morgan, I have seen his work over many, many years, and I just can't believe that he would lie to you about something so easily wrong.

{¶ 11} Reese then said to the court, "You're telling me for me to find out Wednesday that I'm going to trial on Monday[.]" The trial court interrupted Reese,

telling him that it did not believe that either because these cases had been set for trial on the same date "since something like January."

{¶ 12} Reese told the court that his defense counsel told him that the prosecutor "hit [him] with a curve ball" when she said that she wanted to try the aggravated robbery case first. Reese said that he did not want to go to trial on the aggravated robbery first because he was trying to obtain a possible plea deal for the aggravated robbery case without the murder case. The trial court asked the prosecutor if she was interested in offering Reese a plea deal "on one case and a trial on the other." The prosecutor replied, "No. They're marked together." The prosecutor told the court the other aggravated robbery case before the other judge was part of a separate plea negotiation, but that the state "wouldn't be asking for a consecutive sentence on that case."

{¶ 13} Reese stated that it was "unreasonable" to ask him to make these decisions in such a "short timeframe." He asked the trial court for a continuance "to talk further detail into these cases." Reese stated that it did not make sense to go to trial on the aggravated robbery case today when he just looked at the evidence for the first time. The trial court responded:

> It makes sense to me. Here's why. Give me a minute here because I have two dockets I have to check. You were arrested in the aggravated robbery case or, well, I think you might have been in jail. In any event, from what I can see, you were arrested on the aggravated robbery on December 15th. You had a first appearance December 27th. You were arraigned on January 10th, so that was eight months ago. That's the aggravated robbery case.

In the murder case, pardon me, as far as I can tell, you were arraigned on January 16th. Basically it's a week later. These cases have been going on then for essentially eight months, and you can't tell me that you're being forced to go to trial too quickly here.

{¶ 14} Reese said again that he only found out the previous Wednesday, at the August 8 hearing, that the aggravated robbery was going to trial first. Reese said his counsel had told him "from the beginning" that the murder would be "going to trial on Monday." Reese stated that he only found out on Wednesday "that it's getting switched around and we got hit with supposedly a curve ball." The court replied:

Here is another reason I think you're lying to me for this reason. June 14th, I think it was earlier [than] this, but no later than June 14th, both of these cases were set for a trial. In fact, let me get the exact dates if you'll excuse me one moment. I have to look at this docket.

Actually, April 19th. Since April 19th you have known that both cases were set for today for trial. Now it is true that I never on one of my docket entries made it explicit that one or the other would be tried first, but you have certainly known since then or maybe a day or two after whatever your lawyer told you, so that was essentially four months ago.

{¶ 15} Reese disagreed with the court, saying he had no reason to lie. He told the court that he and his trial counsel only discussed the murder case, not the aggravated robbery case. Reese said that he was "shocked" when he walked into court for trial on the aggravated robbery case. The court responded, "That's boloney [sic] because you were here. You stood here. I was talking to you. I was talking to your lawyer. The prosecutor was speaking in front of you." Reese told the court that he was asking his trial counsel "on the side" how this could happen. Reese said that his counsel told him that it was not up to him. The trial court replied that Reese's

trial counsel was correct because it was not up to trial counsel to decide which case was going to be tried first.

{¶ 16} The trial court then began to discuss the trial. Reese interrupted the court and said, "So what you're telling me I don't have no choice in this matter whatsoever for a continuance" or to "get another legal representation." The trial court responded that if it assigned new counsel, "[w]hat's to say the same thing isn't going to happen in a month from now?" After more discussion, Reese claimed again that he never saw the state's evidence against him in the aggravated robbery case. The trial court asked the prosecutor if defense counsel had received discovery in both cases. The prosecutor replied, "Yes." The prosecutor informed the court that the evidence in the aggravated robbery case was "marked counsel only," but agreed that defense counsel could orally discuss the evidence with Reese.

{¶ 17} The trial court denied Reese's request for a continuance. The trial court asked Reese's trial counsel if he was still able to represent Reese. Defense counsel replied that he could and said that he was prepared to go to trial that day on either case.

{¶ 18} The prosecutor then placed the packaged plea deal on the record. In the murder case, the prosecutor stated that it would agree to amend the indictment in exchange for Reese pleading guilty to voluntary manslaughter, a first-degree felony with a three-year firearm specification as well as tampering with evidence, a third-degree felony. In the aggravated robbery case, the state indicated that it would agree to amend the indictment if Reese pleaded guilty to aggravated robbery with a

three-year firearm specification. The state explained that "for these two cases together, the agreed recommendation to the court would be a minimum of 15 years and a maximum of 30 years." After discussing the possible maximum sentence that Reese was facing if he did not accept the plea offer, Reese indicated that he wished to talk to his defense counsel.

{¶ 19} After discussing the matter with his defense counsel, Reese rejected the plea offer and pleaded guilty to the six-count indictment in the aggravated robbery case. After the trial court accepted Reese's guilty pleas in the aggravated robbery case, Reese's defense counsel indicated that Reese preferred to be sentenced on the aggravated robbery case after the murder trial.

{¶ 20} The following day, on August 14, 2018, Reese knowingly and voluntarily waived his right to a jury trial in the murder case. At the close of the bench trial, the trial court found Reese guilty on all four counts.

{¶ 21} Before sentencing Reese, the trial court found that Counts 1, 2, and 3 (murder, felony murder, and felonious assault) merged for purposes of sentencing. The state elected that Reese be sentenced on murder under Count 1. The trial court sentenced Reese to concurrent terms of 15 years to life in prison for murder and 24 months for tampering with evidence. The trial court also imposed a three-year prison term for the firearm specification to be served consecutive to and prior to the base charge of murder, for a total of 18 years to life in prison. The trial court further noted that the 10-year sentence that it imposed in the aggravated robbery case would be served consecutive to the indefinite sentence of 18 years to life imposed in the

murder case. The trial court also notified Reese that he would be subject to three years of postrelease control for tampering with evidence, gave Reese 257 days of jail-time credit, and imposed court costs. It is from this judgment that Reese now appeals.

## II. Judicial Bias

{¶ 22} In his first assignment of error, Reese states that "he does not question the ethics or integrity of the judge in this case," but he contends that "under the unique facts of this case," the trial court should have recused itself as the trier of fact in the bench trial because of comments the court made at the August 13, 2018 hearing concerning Reese's veracity.

{¶ 23} Judicial bias has been described as

> "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts."

*State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 48, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956).

{¶ 24} However, if a "trial judge forms an opinion based on facts introduced or events occurring during the course of the current or prior proceedings, this does not rise to the level of judicial bias, 'unless [the opinions] display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *State v. Hough*, 2013-Ohio-1543, 990 N.E.2d 653, ¶ 11 (8th Dist.), quoting *Dean* at ¶ 49. This is because the law presumes that a judge is unbiased and unprejudiced in

matters over which he or she presides, and the appearance of bias or prejudice must be compelling in order to overcome this presumption. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 23, citing *In re Disqualification of Olivito*, 74 Ohio St.3d 1261, 657 N.E.2d 1361 (1994).

{¶ 25} Courts of appeals lack the authority to find that a judge was biased against a party or void a trial court's judgment on a claim that the trial judge was biased. *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (9th Dist.1993), citing *Beer v. Griffith*, 54 Ohio St.2d 440, 377 N.E.2d 775 (1978). Rather, "[t]he Chief Justice of the Supreme Court of Ohio, or his [or her] designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995), citing Section 5(C), Article IV, Ohio Constitution. Nonetheless, biased comments by the judge can be reviewed by an appellate court for due-process violations. *State v. Frazier*, 2017-Ohio-8307, 98 N.E.3d 1291, ¶ 16 (8th Dist.), citing *Power* at ¶ 22.

{¶ 26} In the procedural history and factual background of this case, we set forth each comment made by the trial court at the August 13, 2018 hearing that Reese asserts contains evidence of bias. Reese contends that a review of these comments show that the trial court believed him to be "deceitful." He therefore claims that the trial court could not assess "the overall credibility of the defense" in the subsequent bench trial. We disagree.

{¶ 27} At the beginning of the August 13, 2018 hearing, as trial in the aggravated robbery case was about to begin, Reese's defense counsel told the trial

court that Reese was "unsatisfied at this point" and wished to speak to the court. Reese proceeded to tell the trial court that he had no idea until the previous hearing on August 8, 2018, that the aggravated robbery case was going to be tried first. Reese further complained that his attorney had been telling him all along that the murder case would be tried first. Reese told the court that his attorney seemed to be working for the prosecutor rather than working for him.

{¶ 28} The trial court listened to Reese's complaints and then told Reese that it did not believe that he did not know that it was going to try the aggravated robbery case that day. The trial court specifically told Reese at the August 8, 2018 hearing, "You stand advised then that on August 13 we will begin the trial in 624420." The trial court then told the parties that "the morning after a verdict in that case, we'll begin the trial in the murder case." The trial court further stated at the August 8 hearing that "as of today, Mr. Reese, both of them remain set for August 13; but as just mentioned, we're not going to try the two of [the cases] together. It's going to be one after the other. First, the aggravated robbery; and then the murder."

{¶ 29} The trial court also listened to Reese's complaints regarding Reese's claim that his trial counsel seemed to be working for the prosecution and concluded that they had no merit. Reese claimed that his attorney kept changing "the [sentencing] numbers around multiple times." But after discussing the matter with the state, the trial court learned that Reese's defense counsel was actually able to get the state to agree to reduce the minimum sentence to 15 years if he accepted the

packaged plea deal rather than 23 years, which is what the state had originally offered.

{¶ 30} After review, we find that the trial court had good reason to question Reese's truthfulness regarding his claim that he did not know that the aggravated robbery case was going to be tried on August 13, 2018, or his claim that his attorney was working against his best interests. Thus, the trial court's comments do not "display a deep-seated favoritism or antagonism" that made "fair judgment impossible." *Id.*

{¶ 31} Moreover, when Reese waived his right to a jury trial, the trial court specifically asked Reese if he understood that if his case were tried to a jury, the jury would not know that he was in jail or that he had prior convictions. The trial court stated, "I certainly have become a little bit acquainted with you, and I'm aware of some things about your record and background that unless you testify would not come in in a jury trial." Reese indicated that he understood those facts and told the court that it was still his voluntary choice to waive his right to a jury trial.

{¶ 32} Reese cites to *Williams v. Pennsylvania*, 579 U.S. _, 136 S.Ct. 1899, 195 L.Ed.2d 132 (2016), to support his claim that "due process 'demarks only the outer boundaries of judicial disqualifications'" and that "[m]ost questions of recusal are addressed by more stringent and detailed ethical rules[.]" *Id.* at 1908, quoting *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986). This case has no application to the facts here because the Pennsylvania Supreme

Court Justice who was biased in *Williams* had actually been the prosecutor assigned to the defendant's case when the defendant was sentenced to death.

{¶ 33} Reese then goes on to set forth several rules of the Ohio Code of Judicial Conduct in support of his claim that the trial judge should have recused himself. We disagree. This code "establishes standards for the ethical conduct of judges and judicial candidates" and "provide[s] a basis for regulating their conduct through disciplinary agencies." *In re Judicial Campaign Complaint*, 141 Ohio St.3d 355, 2014-Ohio-4046, 24 N.E.3d 1114, ¶ 14, citing Jud.Cond.R., Preamble [3]. Again, only the Chief Justice of the Ohio Supreme Court, or a judge whom she designates, can "determine a claim that a common pleas judge is biased or prejudiced." *Billingham*, 105 Ohio App.3d at 11, 663 N.E.2d 657, citing Section 5(C), Article IV, Ohio Constitution.

{¶ 34} After reviewing the comments singled out by Reese from the August 13, 2018 hearing as well as the entire transcript from that hearing *and* the transcript from the August 8, 2018 hearing, we conclude that Reese did not meet his burden of overcoming the presumption that the trial court was "unbiased and unprejudiced." *Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, at ¶ 23, citing *Olivito*, 74 Ohio St.3d 1261, 657 N.E.2d 1361. The trial court's comments are simply not compelling evidence of a deep-seated antagonism that made fair judgment impossible. *Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, at ¶ 48. Although the record establishes that the trial court did not believe Reese that he did not know the aggravated robbery case was set for trial on

August 13, 2018, that does not mean that the trial court was biased against him. The record also establishes that the trial court found that Reese's reasons for requesting a continuance for new counsel on the morning of trial had no merit. Again, the trial court had good reason to question Reese's veracity regarding his claims. Notably, the trial court did not say one word about the facts of Reese's two cases. There is simply nothing in the record to show that the trial court had prejudged the facts of Reese's cases or that it could not listen to the evidence unbiasedly and determine Reese's guilt or innocence.

{¶ 35} Thus, Reese's first assignment of error is overruled.

## III. Ineffective Assistance of Counsel

{¶ 36} In his second assignment of error, Reese contends that his trial counsel was ineffective for failing to raise the potential bias on the part of the trial court. Reese states that "[i]nsofar as the state may claim that the issue of potential bias on the part of the court was waived due to failure to object, * * * such failure constituted ineffective assistance of counsel."

{¶ 37} To establish that trial counsel was ineffective, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Wash*ington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel's performance must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance of counsel. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the defendant must show that there exists a reasonable probability that,

were it not for counsel's errors, the outcome of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998).

{¶ 38} Because we did not find any evidence of judicial bias in the first assignment of error, Reese's argument that his trial counsel should have raised the issue of judicial bias is wholly without merit.

{¶ 39} Accordingly, Reese's second assignment of error is overruled.

{¶ 40} The record reveals, however, that the trial court failed to incorporate the consecutive sentencing findings that it made at the sentencing hearing into the judgment entry. Thus, in light of *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, this matter is remanded to the trial court for it to issue a new sentencing entry, nunc pro tunc, to incorporate its consecutive sentence findings.

{¶ 41} Judgment affirmed and case remanded for nunc pro tunc correction of the sentencing entry.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
MICHELLE J. SHEEHAN, J., CONCUR