[Cite as *State v. Avonts*, 2022-Ohio-1265.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Sylvania                    Court of Appeals No.  L-21-1115

        Appellee                                  Trial Court No.  2000610

v.

Bobbie J. Avonts                                  **DECISION AND JUDGMENT**

        Appellant                                 Decided:  April 15, 2022

* * * * *

Daniel C. Arnold, City of Sylvania Prosecuting Attorney, and
Autumn D. Adams, Special Prosecuting Attorney, for appellee.

S. Scott Schwab and Michael H. Stahl, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Defendant-appellant, Bobbie J. Avonts, appeals the May 10, 2021 judgment

of the Sylvania Municipal Court, convicting her of operating a motor vehicle under the

influence of alcohol and sentencing her to 180 days in jail. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} Bobbie Avonts entered a plea of no contest to operating a motor vehicle under the influence of alcohol or drugs, a violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor. The court ordered a presentence investigation report. On May 10, 2021, after reviewing the PSI, the trial court sentenced Avonts to 180 days in jail, a 60-month license suspension, restricted plates, a fine of $850, and court costs. Avonts appealed. She assigns the following error for our review:

> The trial judge became a "judge in his own case" by actively engaging in the prosecution of the case and then sentencing Ms. Avonts according to the Court's express dissatisfaction with the prosecutor's exercise in discretion thereby exhibiting bias and committing a structural error.

## II. Law and Analysis

{¶ 3} The trial court sentenced Avonts to the maximum jail term allowed for a first-degree misdemeanor—180 days. R.C. 2929.24(A)(1). In her sole assignment of error, Avonts claims that the trial judge's comments during sentencing demonstrate that he actively engaged in the prosecution of her case, thereby exhibiting bias against her. Specifically, after realizing that this was Avonts's fourth offense in ten years, the court

2.

questioned the city prosecutor about its failure to recognize Avonts's prior offenses and to charge her with a felony or unclassified misdemeanor. The judge told Avonts that she had caught a huge break by this oversight and sentenced her to the maximum possible sentence. He also told Avonts:

> I'll do what I can to keep you off the street because you, ma'am, are a menace to the community. And if you keep this behavior up, someone's going to get hurt. It's inevitable. * * * I think if you can refrain from drinking that will do great for your own body and it will be great for everybody else that's, that's around you.

{¶ 4} Avonts acknowledges that she raised no objection to the trial judge's conduct during the sentencing hearing, insisting that to do so would have been "perilous." She instead filed a motion for reconsideration of her sentence, seeking to persuade the trial judge that her sentence was disproportionate as compared to offenders charged with felony OVIs. Appropriately, the trial court did not rule on this motion. *See State v. Jezioro*, 12th Dist. Warren No. CA2016-10-088, 2017-Ohio-2587, ¶ 12 ("Essentially, appellant's request was a motion for reconsideration, which the trial court did not have authority to consider.").

{¶ 5} Avonts claims that the trial judge acted as "some sort of supervisor to the City of Sylvania prosecutor's office" and held her to answer for the prosecution's charging actions. She questions why she should be punished more harshly "because

3.

either the City Prosecutor elected to not pursue a felony, or the county prosecutor did not wish to indict on the case." She insists that the judge acted as "a judge in his own case," violating her right to due process.

{¶ 6} "[B]iased comments at sentencing can be reviewed by an appellate court for due process violations." *State v. Frazier*, 2017-Ohio-8307, 98 N.E.3d 1291, ¶ 16 (8th Dist.). The Ohio Supreme Court has described judicial bias as "'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. It has explained, however, that opinions formed by the trial judge "based on facts introduced or events occurring during the course of the current or prior proceedings," do not rise to the level of judicial bias "'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 49, quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

{¶ 7} It is presumed that a judge is unbiased and unprejudiced in the matters over which he or she presides. *Frazier* at ¶ 18. In order to overcome this presumption, "the appearance of bias or prejudice must be compelling." *Id.*

4.

{¶ 8} Here, the transcript of proceedings and the PSI reveal that the Chief Probation Officer discovered Avonts's prior OVI convictions, reported them in the PSI, and brought them to the attention of the court and the city prosecutor. The comments from the city prosecutor indicate that there was no *decision* or exercise of *discretion* in charging Avonts as a first-time offender. Rather, he explained, the failure to charge Avonts with a felony OVI was an oversight that was part of a larger "problem" that the prosecutor was aware of and "not happy about" and was being rectified with "new policies and procedures" to avoid similar situations "moving forward." The trial judge did not actively engage in the prosecution of the case and did not exhibit bias or prejudice. He merely raised an issue that had been brought to his attention in connection with the preparation of the PSI.

{¶ 9} Having concluded that the trial judge did not exhibit bias or prejudice by discussing the probation officer's findings with the prosecutor, we turn to Avonts's alternative claim that the trial court abused its discretion or committed plain error in sentencing her to 180 days in jail.

{¶ 10} We review misdemeanor sentences under an abuse-of-discretion standard. *Div. of Wildlife v. Coll*, 2017-Ohio-7270, 96 N.E.3d 947, ¶ 23 (6th Dist.). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A trial court will be found to have abused its discretion when its decision is

5.

contrary to law, unreasonable, not supported by the evidence, or grossly unsound." *State v. Nisley*, 3d Dist. Hancock No. 5-13-23, 2014-Ohio-981, ¶ 15, *State v. Boles,* 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 16-18 (2d Dist.). Where a sentence falls within the statutory range for a first-degree misdemeanor, "we will presume the trial judge followed the statutes, unless there is evidence to the contrary." *State v. Reese*, 6th Dist. Lucas No. L-17-1184, 2018-Ohio-1654, ¶ 22.

{¶ 11} Under R.C. 2929.21(A), in sentencing an offender for a misdemeanor offense, the sentencing court "shall be guided by the overriding purposes of misdemeanor sentencing." Those overriding purposes are to protect the public from future crime and others and to punish the offender. *Id.* "To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.* The sentence selected by the trial court "shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing," "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

{¶ 12} Under R.C. 2929.22(A), unless a mandatory jail term is required to be imposed under R.C. 1547.99(G), 4510.14(B), 4511.19(G), or another provision of the Revised Code, "a court that imposes a sentence * * * for a misdemeanor * * * has

6.

discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." The court may impose "any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code." *Id.*

{¶ 13} Under R.C, 2929.22(B)(1), "[i]n determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

The court may also consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in R.C. 2929.21. R.C. 2929.22(B)(2).

{¶ 14} Under R.C. 2929.22(C), before imposing a jail term as a sentence, the court must consider the appropriateness of imposing a community control sanction. It may impose the longest jail term authorized under R.C. 2929.24 "only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." In fashioning a sentence, the court must consider "any relevant oral or written statement made by the victim, the defendant, the defense attorney, or the prosecuting authority * * *." R.C. 2929.22(D)(1). It need not recite or explain the sentencing factors it considered in

8.

imposing its sentence. *City of Toledo v. Coutcher*, 6th Dist. Lucas No. L-20-1145, 2021-Ohio-2620, ¶ 13.

{¶ 15} In *Reese*, we found no abuse of discretion where the trial judge imposed 180-day consecutive sentences on charges of OVI and driving under OVI suspension. There, the defendant had a history of alcohol-related offenses and the trial judge deemed it appropriate to impose consecutive 180-day sentences in order to "get [appellant's] attention." *Id.* at ¶ 23. We reach the same conclusion here. The trial judge decided that a 180-day sentence was necessary given Avonts's pattern of committing OVI offenses and his concern for the safety of the community. Its decision was not contrary to law, unreasonable, or grossly unsound, and it was supported by the evidence. We find no abuse of discretion. *See State v. Hittle*, 3d Dist. Logan No. 8-19-37, 2019-Ohio-5172, ¶ 13 ("Given Hittle's extensive history of OVIs and other traffic offenses and his failure to conform his conduct to the law despite the sanctions imposed for those offenses, we cannot conclude that the trial court's decision to sentence Hittle to a 180-day jail term and impose a seven-year driver's license suspension was unreasonable, arbitrary, or unconscionable.").

### III. Conclusion

{¶ 16} We find that the trial court did not exhibit bias in sentencing Avonts, and its imposition of a 180-day sentence was not an abuse of discretion. We affirm the

9.

May 10, 2021 judgment of the Sylvania Municipal Court. Avonts is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                            _____
JUDGE

Thomas J. Osowik, J.

_____

Gene A. Zmuda, J.                                              JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.